WESTERN DIST.
*Sept.* 1837.

HEBERT'S HEIRS *vs.* HEBERT'S LEGATEES.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF LAFAYETTE.

A witness to a will who does not understand the language in which the will is written, is incompetent to attest it. It is impossible he can compare what is written by the notary, with that which was spoken by the testator.

Incapacity or incompetency of witnesses to a will, is not limited alone to the classes of persons enumerated in the fifteen hundred and eighty-fourth article of the Louisiana Code.

This is an action by the heirs at law of Dorothée Hebert, deceased, against Joseph, Ursin and Marguerite Hebert, also collateral relations of the deceased, to recover from them her estate, which the defendants' claim and possess under her last will and testament, as her universal legatees.

The plaintiffs allege, that Dorothée Hebert died without leaving ascendants or descendants, and that they are her nearest collateral relations and heirs at law, and as such entitled to her succession. They further allege, that the will under which the defendants claim this estate, is null and void, on the following grounds :

1. Because it was not written by the notary in the language in which it was dictated; it being dictated in French and written in the English language, which was not understood by the testatrix.

2. Said will was not made in 'the presence of the legal number of competent witnesses, there being but three ; one of whom was unacquainted with the French language, and could not understand what was dictated ; another understood no English, and both him and the testatrix were unable to understand the contents of the will when it was read to them.

3. Because said will was not read to the testatrix as written, in the presence of three competent witnesses, who could understand the dispositions therein contained.

46

*Sept.* 1837.
WESTERN DIST.

HEBERT'S HEIRS
*vs.*
HEBERT'S
LEGATEES.

The plaintiffs further showed, that the defendants have in their possession a number of slaves, which they are bound to deliver up, and account for their hire. They pray that the defendants be cited, and that they have judgment annulling the will, and ordering the succession of Dorothée Hebert to be delivered to them, together with the slaves belonging to it, in the possession of the defendants.

The defendants averred they held the property of the said succession, under a valid and legal will of the deceased, as her universal legatees. They pray that the will be declared valid, and that they be quieted in their title and possession of the property in question, under said will.

The testimony showed, that Lafort, one of the witnesses to the will, spoke no English, and when he had any transaction with an American, he had to procure an interpreter. Another of the witnesses was ignorant of the French language, and the third was dead.

The parish judge who received the will, testified, that he does not know whether the testatrix understood any English or not ; he conversed with her in French, and she dictated her will in that language which he wrote out in English, and read to the testatrix and the witnesses in both languages.

It was in evidence, however, that the testatrix spoke no English, and did not understand it well enough to transact business with persons, who were ignorant of the French language.

The will was signed by three witnesses, and made in the nuncupative form by notarial act. It was recognized by the two surviving witnesses, who also testified that it was read in their presence and hearing, and that of the testatrix.

The judge of probates pronounced the will legal and valid, and dismissed the suit. The plaintiffs appealed.

*Voorhies,* for the plaintiffs.

This is an action instituted in the Court of Probates to set aside a will, on account of vices of nullity in its execution. The law renders null any will not made in strict conformity

WESTERN DIST.
*Sept.* 1827.

HEBERT'S HEIRS
*vs.*
HEBERT'S
LEGATEES.

to its dictates and directions. Want of formality is a vice of nullity. ᵧ *Louisiana Code, article* 1588.

2. In France it is permitted by law to write a will in a different language from that in which it is dictated ; but, by our law, a will must be written *" as it is dictated"* or it is null. How can a will be written *as dictated* when it is dictated in one language and written in another ? *Louisiana Code, article* 1571. 6 *Martin, N. S.* 146.

3. The will under consideration, was not read in the presence of three competent witnesses. One of them did not understand the language in which it was written. A witness cannot be competent to attest that which he does not understand. 9 *Duranton,* 112. *Pothier Traité sur les Testamens, verbo témoin, No.* 12, *page* 245.

*Crow,* for the defendants, contended, that this will was made in strict conformity with the law. It was written according to the dictations of the testatrix, as the parish judge testifies; and although written in the English language, it was explained to her in the language in which she dictated it, so that in fact, it was *written as dictated.*

2. All persons are good witnesses to a will, except those who are expressly excluded by law. It can no where be found, that a witness is incompetent on account of a difference of language. Interpretation supplies the want of a knowledge of the language in which a transaction is had, in those who are incapacitated from being witnesses to a will. See *Louisiana Code, article* 1584.

3. But the witness (Lafort) who is objected to here, as incompetent, for not understanding the language in which the will *is written,* is, in fact, a perfectly good and competent witness, because he understood the language in which it was *dictated,* and heard the testatrix dictate it. 5 *Toullier, page* 300, 365.

*Simon,* for plaintiffs, in reply.

1. The testament in this case, is null on two grounds : 1st, because it has not been written *as it was dictated ;* it being

WESTERN DIST.
Sept. 1837.
——————
HEBERT'S HEIRS
vs.
HEBERT'S
LEGATEES.

dictated in French, and written in the English language. The testatrix did not and could not understand the translation and the will, as it was written. *Louisiana Code, article* 1571. 6 *Martin, N. S.* 143.

2. How can it be said that the law has been complied with, when the expressions of the will are not the same as dictated, and when the testatrix herself could not judge of the testament's being written as she dictated it? The notary had no right to act as interpreter; our law recognizes no such ministerial officer in the execution of a will.

3. The witnesses to this will, were not competent; one of them did not understand a word of English; another knew scarcely any French, which was the language of the testatrix, and that in which the will was dictated. The first could not attest the will as being written according to the dictation, and the last could know nothing of the dictation. *Nouveau Desgodets, Vol.* 1, *page* 105. 5 *Toullier, No.* 393. 9 *Duranton, No.* 79. *Merlin's Repertoire, etc., verbo témoin instrumentaire, section* 11, *No.* 24. 10 *Dalloz, page* 463.

*Carleton, J.,* delivered the opinion of the court.

This action is brought to annul the last will and testament of Dorothée Hebert, whose heirs and legal representatives the petitioners allege themselves to be.

The causes of nullity, alleged, are:

1st. That the will was dictated in the French language, but written by the notary in English, which was not understood by the testatrix.

2d. That of the three subscribing witnesses to the will, one of them was not sufficiently acquainted with the French to have understood it in that language, and that one other witness was absolutely ignorant of the English language, in which the will was actually written.

3d. That the will was not read to the testatrix, as it was written, in the presence of three witnesses competent to understand the dispositions it contained.

The defendants, in their answer, insist on the validity of the will, and pray that they may be quieted in the possession and enjoyment of the property they hold under it.

The court gave judgment for the defendants, and the plaintiffs appealed.

WESTERN DIST.
Sept. 1837.

HEBERT'S HEIRS
vs.
HEBERT'S
LEGATEES.

The will is drawn up in the English language, in the nuncupative form, by public act, executed by the parish judge, officiating as notary public.

On the part of the plaintiffs, Antoine Bagazzoni, testified, that he had known François Lefort, one of the subscribing witnesses, for twenty years ; that he never heard or knew that he spoke the English language ; that Lefort, having some short time since, some explanation to make with an American, inquired of witness -whether he could interpret for him.

As this testimony stands uncontroverted, it appears to us sufficiently proved, and not denied in argument, that Lefort did not understand the English language, and therefore, could not know whether the will contained the dispositions intended by the testatrix. It was impossible he could have compared what was written by the notary, with what was spoken by the testatrix. He could not, therefore, testify to the faithful execution of the will, and for all legal purposes, might as well have been absent in a distant place.

A witness to
a will who does
not understand
the language in
which the will is
written, is in-
competent to at-
test it. It is im-
possible he can
compare what is
written by the
notary, with that
which was
spoken by the
testator.

But, it is contended by defendants' counsel, that, inasmuch as all persons who are by law incapable of being witnesses to testaments, are specially enumerated in article 1584 of the *La. Code,* it follows, necessarily, that all other persons whatever, are competent witnesses for that purpose. In this opinion we do not agree with the counsel.

The legislature have manifested great solicitude on the subject of last wills and testaments, and endeavored, by every possible safeguard, to ensure their faithful execution. They have required, that nuncupative wills by public act, should be attested by three witnesses, and read in their presence, to the testator. This wise precaution, and strongest barrier which the law interposes for the protection of the testator, would be vain and nugatory if the witnesses were incompetent to the trust they were called to fulfil. Language is the vehicle of thought, and if the witnesses could not understand that in which the will was written, it is plain they

Incapacity or
incompetency of
witnesses to a
will, is not limit-
ed alone to the
classes of per-
sons enumerated
in the article
1584, of the
Louisiana Code.

WESTERN DIST.
*Sept.* 1837.

would be in no better situation than the deaf who are expressly declared incompetent by the law cited by the counsel. *Eadem est ratio eadem est lex. Louisiana Code, art.* 1571.

It appears to us, that Lefort was not such a witness as the law requires to be present at the making of a will, and that therefore, the testament under consideration, is void, for want of a sufficient number of competent witnesses.

The opinion we have formed upon this subject, renders it unnecessary for us to notice any other ground of nullity or point raised by either party to the cause.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates, be avoided and reversed ; that the said last will and testament of said Dorothée Hebert, be, and the same is hereby rejected, and that the defendants pay costs in both courts.