## BREAUX *v.* GALLUSSEAUX, Testamentary Executor.

A nuncupative will by public act is null, if dictated in a language not understood by one of the attesting witnesses.

The want of capacity of one of the witnesses to attest what was done, could not be supplied by the testimony of the notary and the two other witnesses, that the dispositions of the will were explained by the notary to the witness, who was not able to understand them from the dictation of the notary.

APPEAL from the District Court of the Parish of Iberville, *Beale*, J. *A. Talbot* and *Lea & Marr,* for plaintiff. *Z. Labauve,* for defendant.

MERRICK, C. J. This suit is brought to set aside the last will of *Felix Breaux,* deceased. The will was a nuncupative will, executed before a notary and three witnesses.

It appears to have been dictated by the testator to the notary in the French language.

One of the attesting witnesses did not understand the language in which the will is written sufficiently to comprehend what was said, and he now says after being shown the will, that he cannot read the French portions of the will at all.

To supply the defect, defendant interrogated the witness, on the cross-examination, to show that the testator had explained in English, after the will was read, that he gave the house and lot and negro man to the legatee, *Dequese.*

The notary public was also offered (but his testimony was rejected) to prove that he had explained in English to the witness, the disposition in the will in favor of said *Dequese.*

This disposition did not even comprise the entire will, as it instituted the grandchildren of the testator his universal legatees, and appointed an executor.

It seems to us that the testimony received and offered could not be received to supply the want of capacity in the witness to attest what was done. For the notarial act is then no longer the repository of the last will of the testator, but it is confided to the memory of the notary and the witnesses speaking French, whose testimony is required to complete the will. How does the witness speaking English know but there may not have been some other thing dictated in French which was omitted by the notary, or some condition annexed to the bequest which does not now appear? The will, therefore, as written, rests upon the testimony of the notary and two witnesses, and is not a compliance with the law. See *Herbert's Heirs* v. *Herbert's Heirs,* 11 L. R. 361, and *Bordelon* v. *Baron,* 11 An. 676 ; 4 Marcadé, No. 59, p. 42.

If the defendant, *Josephine Dequese,* is entitled to recover for her services rendered the testator on the acknowledgment contained in the will, considered as a private writing, upon being corroborated by other proof, the decision in this case will be no bar to an action to be instituted by her against the heirs of the same.

Judgment affirmed.