The opinion of the court was delivered by
McEnery, J.
Jacques Saux, the deceased, executed the following open or nuncupative will by public act:
*1424 “In the city of New Orleans, in the State of Louisiana. On this 20th day of the month of January, 1893, I the undersigned, George Magner Barnett, notary public, duly commissioned and sworn, in and for the city and parish of Orleans therein residing, and in presence of the witnesses hereinafter named and undersigned, at the request of Mr. Jacques Saux, I attended him at his domicile, situated at the corner of Salcedo and St. Ann, Second District of this city, where I found the said Jacques Saux unwell, in the front chamber of said domicile, sick in body, but well in mind, in memory and in will as he appeared to me notary, and to the hereinafter named and undersigned witnesses; and the said Jacques Saux requested me to receive his last will and testament, which I, notary, have written with my own hand, word by word and as he dictated it to me in presence of Messrs. Alexander Bordes, Michel Montant and Paul Bezot, domiciled in this city and called as witnesses to the present testament of the following tenor:
“ I declare that I am named Jacques Saux, and that I am about forty-nine years of age. I declare that I am married to Justine Auguste, of which marriage there is no issue. I declare that both my father and mother are dead.
“I give and bequeath to my said wife, Justine Auguste, all my goods, movables and immovables, which I may leave at the time of my death, and I name as my testamentary executor my said wife, Justine Auguste, to whom I give all the necessary powers to carry into execution the testament. I revoke all testaments or codicils which I have made before this, which alone I declare to contain my last wishes.
“ It is thus that this testament has been dictated to me by the said testator in presence of the said witnesses, and I have written it as it has been dictated to me by the said testator, in their presence and this at once, without interruption and without turning aside for other acts, and the undersigned notary having read the said testament to the said testator in the presence of the said witnesses in a loud and intelligible voice, he has declared in their presence that he has heard it well, that he understands it well and that he therein finds well expressed his last wishes in which he persists.
“This done and passed at the domicile aforesaid, the day, month and year as above, in presence of the witnesses above named, who have signed with said testator and me, notary, after reading same.”
(Signatures)
*1425 The will was dictated in French and the above is a translation of the same.
It is attacked by a sister of the deceased on the following grounds:
First. It does not state that the testator signed in the presence of witnesses; nor, secondly, that the witnesses signed in the presence of the testator; nor, thirdly, that testator and witnesses signed in the presence of the notary; nor, fourthly, does it contain express mention that all the formalities, including the reading of the will and the signing by the testator, witnesses and notary, were fulfilled at one time without interruption and without turning aside to other acts.
It is further assailed on two other grounds, dehors the instrument itself: first, that it was not dictated, as a matter of fact; and, second, that it was the result of pressure, duress and intimidation.
There was judgment rejecting the demand of plaintiff at her costs, from which she appealed.
Article 1578 of the Oivil Oode requires the nuncupative testament by public act to be received by a notary public in the presence of three witnesses residing in the place where the will is executed, or of five witnesses not residing in the place.
This testament must be dictated by the testator and written by the notary as dictated.
It must then be read to the testator in presence of the witnesses.
Express mention is made of the whole, observing that all these formalities must be fulfilled at one time without interruption and without turning aside to other acts.
It is well settled that the nuncupative will by public act must make full proof of itself, and must bear upon its face the evidence that all the formalities required by law for its validity have been complied with. These .formalities, if not apparent on the face of the will, can not be supplied by evidence aliunde. Succession of Clement Wilkin, 21 An. 115.
The above will on its face shows that all the formalities required by Art. 1578, Oivil Oode, have been complied with. It shows that the will was dictated by the testator and written by the notary as it was dictated; that it was read to the testator in presence of the witnesses.
These are the material facts of which express mention must be made. There is nothing said in the article about signing, of which express mention should be made. If the will, therefore, has been improperly *1426 signed, it is upon plaintiff to show it. But the will on its face discloses the fact that it was signed by the testator, the witnesses and the notary at the same time, and in the presence of each other. No more explicit language could be used than that employed by the notary when he closed the will by stating that the witnesses “ signed with said testator and me, notary.”
It is contended by plaintiff that the word “ received,” employed in the article, means that the notary must, in the presence of the requisite number of witnesses, complete the entire testament, including the signing by testator, notary and witnesses. But in the case of Langley’s Heirs vs. Langley’s Executors, 12 La. 114, to which plaintiff refers, the Supreme Court said that the word meant the dictation of the will in the presence of the witnesses, and the reading of the same to the testator and the witnesses in the presence of each other.
In Keller and others vs. McCalop and another, 12 Rob. 639, it is decided that the express mention referred to in Art. 1578, Civil Code, refers to the preceding formalities, which are the dictation of the will in the presence of the required number of witnesses and the reading of the same to the testator in the presence of the witnesses. And as this case bears a strong resemblance to that, we will use the language of the opinion as applicable to this. “It results from the whole context of the instrument that it was executed in the only way it was physically possible it could be done in relation to the time at which the several things necessary to its completion were performed — id est, that it was first dictated, then written, afterward read, and finally signed.”
The Art. 1578 of the Civil Code requires all the formalities herein referred to should appear upon the face of the will, and that they should be fulfilled without interruption and without turning aside to any other act.
But the direction that they should be fulfilled at one time and without turning aside to any other act need not be expressed in the will. If this requirement has been neglected it is upon plaintiff to Show it. This has been the settled jurisprudence since the ease of Featherstone vs. Robinson, 7 La. 599. It was affirmed in Keller and others vs. McCalop. and another, 12 Rob. 639; the cases cited, and in the late case of Succession of Murray, 41 An. 1109.
In the last case cited we said: “The final charge is that all the *1427 legal requisites were not done at one time and without turning aside to other acts. It is a sacramental requirement of the notary that he shall make ‘ express mention of the whole,’ but not that he shall declare that all these formalities had been fulfilled at one time and without turning aside to other acts.” R. C. C. 1578. His failure to make such a declaration in the will is not a ground of nullity. 7 La. 599; 12 R. 639. That article only refers to the formalities therein mentioned. All of these formalities seemed to have been fulfilled at one and the same time, and the act furnishes no proof that he turned aside to other acts. There is no evidence of his having prepared any other act. So, in this case all the formalities required by Art. 1578 of the Code appear from the face of the will to have been performed at one time without turning aside to other acts, and there is no evidence to the contrary. Express mention is made of all the formalities required by the article, bub the notary omits to positively state that the reading of the will to the testator and the witnesses was without interruption, although a reasonable interpretation of his language leaves this impression.
The cases referred to by plaintiff do not conflict with the views herein expressed. The doctrine announced in them is that the will by public act must make full proof of itself in showing that all the formalities necessary to give it validity must appear upon its face, and express mention must be made of the formalities required by Art. 1578 of the Code. Not one of them pronounces the will a nullity because the notary has failed to declare that he had fulfilled these requirements without turning aside to other acts.
This last requirement is essential to the validity of the will, but its non-fulfilment must be shown by the party attacking the will. Keller vs. McCalop, 12 Rob. 639.
The testimony does not show that there was any coercion used to force the testator to make his will. On this point there is a total failure of proof.
The pleadings admit that the will shows that it was dictated by the testator and written as dictated by the notary, but.it is urged that the language employed by the notary was not that of the testator. The testimony attempts to show that the testator was not an educated Frenchman and did not speak the language in its purity. Also that the notary interrogated the testator. The testimony shows that the testator spoke French sufficiently well to be clearly understood. If *1428 the notary took down his exact meaning and clothed it in more elegant language than that used by the testator, it is certainly no grounds for avoiding the will.
There could be but trifling variation in the words used, and no perversion of the meaning of the testator. Hamilton vs. Hamilton, 6 N. S. 146.
The inquiries made by the notary were not suggestive of any disposition by the testator, but had reference only to get at his exact meaning, and when ascertained the language was taken down in the meaning of the testator, but in good French. The inquiries were-not calculated to alter or change the intentions of the testator, and therefore are not sufficient to invalidate the will. Starrs vs. Mason, 32 An. 8.
Judgment affirmed.