(92 South. 776)

No. 24102.

## LATAPRIE v. BAUDOT et al.

(June 5, 1922. Rehearing Denied by Division
B July 1, 1922.)

*(Syllabus by Editorial Staff.)*

Wills ⚖➡144—Nuncupative will invalid where
necessary witnesses did not understand lan-
guage in which it was dictated by testatrix.

A nuncupative will by public act was in-
valid where two of the three witnesses neces-
sary to its validity under Civ. Code, art. 1578,
did not understand the French language in
which it was dictated to the notary by the tes-
tatrix, though translated by one of the witness-
es into English and written and read by the
notary in that language.

Appeal from Twenty-Sixth District Court,
Parish of St. Tammany; Prentiss B. Carter,
Judge.

Suit by Mrs. V. Benar Lataprie against
E. H. Baudot and others. From a judg-
ment sustaining the validity of a will, plain-
tiff appeals. Judgment set aside, and judg-
ment rendered annulling the judgment pro-
bating the will and recognizing certain per-
sons as the decedent's heirs.

Fred J. Heintz, of Covington, for appellant.
L. C. Moise and Lewis L. Morgan, both of
Covington, for appellees.

By Division A, composed of Chief Justice
PROVOSTY and Justices OVERTON and
LECHE.

PROVOSTY, C. J. Mrs. Benar Lataprie,
the original plaintiff in this suit, having
died, her heirs have been made parties plain-
tiff.

The suit is to annul the will of Mrs.
Christine Baudot, a deceased sister of Mrs.
Lataprie. One only of the several grounds
of nullity need be noticed. It is that the
will is in nuncupative form by public act,
and that of the three witnesses to it only
one understood the language in which it was
dictated.

The participants in the making of the will
sat around a table. The testatrix spoke in
French; one of the witnesses translated into
English what she said; and the notary took
down the translation. After the will had
been completed the notary read it in English
to the testatrix. The notary understood
French, and the testatrix understood and
spoke English, but very imperfectly.

In the case of Succession of Dauterive, 39
La. Ann. 1094, 3 South. 341, this court,
speaking of the witnesses, said:

"Under the Roman, the French and the Span-
ish law, knowledge of the language in which
the will is dictated and written down, is deem-
ed indispensable for the validity of the will,
when, to be valid, it must have been executed
in the presence of witnesses."

The function of the witness being to make
sure that the will is written by the notary
as dictated by the testator, it stands to rea-
son that the witness must understand the
language in which the testator dictates. In
Hebert's Heirs v. Hebert's Legatees, 11 La.
364, and Breaux v. Gallusseaux, 14 La. Ann.
233, 74 Am. Dec. 430, and in the case of
Succession of Dauterive, supra, and in other
cases, wills were annulled because of one or
more of the witnesses not having known the
language in which the will was dictated, or
else that in which it was written. That in
the present case all three of the witnesses
were necessary to the validity of the will
is not contested. C. C. 1578.

The judgment appealed from, which sus-
tained the validity of the will, is set aside,
and it is now ordered, adjudged, and de-
creed that the will of Mrs. Christine Baudot,
of date October 22, 1915, and the judgment
probating same, of date September 16, 1918,
be annulled; and that the plaintiffs, Helen
Lataprie, wife of Gustave Eumont, Theodore
Lataprie, and Juliette Lataprie, wife of
Philip Patrono, be recognized as the legal
heirs of the said Mrs. Christine Baudot, de-
ceased, each for one-third of one-fourth of

her succession, and as such and to that extent be sent into possession of said succession. The costs of this suit to be paid by the said succession.

Rehearing refused by Division B, composed of Justices O'NIELL, LAND, and BAKER.