O’NIELL, C. J.
 

 ' This case is before us on an application for a .writ of review. The relators, who were the defendants in the suit in the district court, are the universal legatees of the late Auguste Debaillon, named in what purports to be his last will and testament. The suit was brought by his brothers and sisters, who were his heirs at law, to annul the will. The district court declared the will invalid, and the Court of Appeal affirmed the judgment.
 

 The will is in the form of a nuncupative testament by public act. Article 157S of the Civil Code requires that this form of testament must be dictated by the 'testator and written by the notary as it is dictated, and must then be read to the testator* in the presence of the witnesses—three witnesses if they reside in the parish where the will is made,' and five if they reside elsewhere. This will was dictated by the testator in the French language, and written by the notary in the English language, in the presence of three competent witnesses, who understood both languages. The notary understood both languages ; but the testator did not understand English. When the notary had written the will he read it to the testator, in the presence of the witnesses, reading first in the English and then in the French language, translating the English back into French, verbally, as he proceeded with the reading.
 

 The Court of Appeal held that the notary had not complied with the requirement of the Code that a will of this kind must be written “as it is dictated.” The court also held that the notary’s reading of the will in French to the testator, by translating verbally what the notary had written in English, was not a'reading of what the notary had written, and that the notary’s reading to the testator in English what the notary had written served no purpose whatever because the testator could not understand what the notary was reading.
 

 We agree with the district court and the Court of Appeal that this will was not made according to the requirements of the Code. The purpose of requiring that such a will shall be “written by the notary as it is dictated,” and. that it shall then be' read to the testator in the presence of the witnesses, is to make it impossible to have any misunderstanding, or error or fraud, in the recording of what the testator says.
 

 In Hebert’s Heirs v. Hebert’s Legatees, 11 La. 361, a testament in the form of a nuncupative will by public act was declared null because one of the three subscribing witnesses did not understand the English language. The will was dictated by the testator in the French language and written by the notary in the English language, in the presence of three witnesses, only one of whom understood both Iangauges, one witness understanding only the French and another only the English language. The notary understood bothlanguages, but the testator understood only the French language. When the notary had written the will he read it to the testator in both languages, in presence of the three witnesses, just as the notary did in this case. The court rested its decision of the case upon the fact only that one of the three subscribing witnesses did not understand the English language—the language in which the will was written. The court said:
 

 
 *1047
 
 “They [the lawmakers] have required, that nuncupative wills by public act, should be attested by three witnesses, and read in their presence, to the testator. This wise precaution, and strongest barrier which the law interposes for the protection of the testator, would be vain and nugatory if the witnesses were incompetent to the trust they were called to fulfill. Language is the vehicle of thought, and if the witnesses could not understand that in which the will was written, it is plain they would be in no better situation than the deaf who are expressly declared incompetent by the law cited by the counsel. ' Eadem est ratio eadem est lex.”
 

 In Gonzales v. Gonzales, 13 La. 104, a nuncupative testament by public act was declared null for the reason solely that the testator did not understand the language in which the notary wrote the will. The testator dictated the will in the Spanish language, and one of the three attesting witnesses translated it into French. The notary then read the French translation to the testator in the presence of the witnesses, and he approved it as expressing his intentions. The notary then translated the will into English, and afterwards read it to the testator in French, in the presence of the three witnesses. All parties, the testator, the notary and the three witnesses, understood the French language. None but the notary understood English. The testator and one of the witnesses understood Spanish as well as French. The translation of the will from Spanish into French and from French into English made the departure from the requirements of the Code somewhat worse than it was in the case before us. But the reason— and the only reason—for which the court pronounced the will null is as appropriate to this case as it was to the Gonzales Case. The court said:
 

 “The-will was made on the 31st of July, 1835. The principal objection to its validity, and the only one we are called upon to notice, is that it was written in the English language, of which the testator was absolutely ignorant.”
 

 In the Succession of Dauterive, 39 La. Ann. 1092, 3 So. 341, a will that was dictated in French and written by the notary in English was declared null because one of the three witnesses did not understand French. The court said that that witness was incompetent because he could not compare what he heard the notary read to the testator with what he had heard the testator dictate to the notary. Here is what the court said of the witness who did not understand French.
 

 “It is apparent that it was impossible for him to have compared the translation in English with what was read in French, and that as to him, the will was no more read than if he had not been at all in attendance.”
 

 The opinion in the Succession of Dauterive was quoted with approval in Lataprie v. Baudot, 152 La. 177, 92 So. 776; the syllabus of .which reads:
 

 “A nuncupative will by public act was invalid where two of the three witnesses necessary to its validity under Civ. Code, art. 1578, did not understand the -French language in which it was dictated to the notary by the testatrix, though translated by one of the witnesses into English and written and read by the notary in that language.”
 

 We have not found a case where this court has declared a nuncupative will by public act null because of its being written in another language than that in which it was dictated. In every case like that the will has been declared null, either because the testator did not understand the language in which the notary wrote and read the will, or because one of the witnesses did not understand the language in which the will was dictated, or did not understand the language in which it was written. The decisions maintaining that a witness to a nuncupative will by public act is incompetent if he does not understand the. language in which the yvill is dictated, or if he does not understand the language in which the will is 'written, are founded, not upon any express requirement of the Code with, regard to. the competency of witnesses,
 
 *1049
 
 but upon the obvious and substantial reason that a witness to a nuncupative will must be able to compare what he hears the notary read to the testator with whát he has heard the testator dictate to the notary. For the same reason—if not for better reason—the testator must be able to compare what the notary reads to him with what he has dictated to the notary. There is no opportunity for such comparison when the notary, having written the will in a language other than that in which it was dictated, translates it back into the language in which it was dictated, and. thereby merely repeats to the testator what he dictated.
 

 This is another case in which we have no occasion for deciding whether a nuncupative testament by public act is null if it be not written in the language in which it was dictated. It is not necessary to decide whether this will would he valid if the testator had understood the English as well as the French language. The will is null because the testator did not understand the language in which it was written by the notary and read to the testator. In reality—and for the purpose for which the law requires that such a will must be read to the testator—this will was not read to him.
 

 The petition for writs of certiorari and review is denied.