SAMUEL, Judge.
Rosario Centanni died in the City of New Orleans on November 3, 1950, leaving a last will and testament in the nuncupative form by public act. He was survived by his wife and ten children, one of whom was Joseph Centanni, who lived in Palermo, Italy, and who was and is, as an absent heir, represented by attorneys appointed by the court. The will bequeathed $300.00 to Joseph and the remainder of decedent’s estate to the other nine children and provided that, in the event this disposition to Joseph was declared void, the other nine children were to receive the disposable portion of the estate. The will also contained a statement that the $300.00 given to the absent son constituted his share of the estate when considered with the many advances made by decedent during his life to this heir, which advances were much more than the share any one of the other children would receive.
Joseph Centanni filed a petition in the succession of his father in which he alleged that he had never received any advances from his father during the latter’s life. The petition prayed that the bequest of $300.00 be declared null and void and that the petitioner be decreed entitled to the ownership of one-tenth of the disposable estate as his forced portion. The executrix answered on behalf of the succession averring that the testator had made contributions to Joseph far in excess of the amounts his brothers and sisters were to receive under the will. These contributions were alleged to consist of sums of money sent to him in Italy (including on several occasions money to be invested for the father but appropriated by the son for the latter’s own benefit), transportation costs from Italy for Joseph and his family, their support in this country for four years, and the cost of their transportation back to Italy. A trial was held on these pleadings and a now final judgment was rendered against the petitioner, dismissing his demands.
The succession was then completed; the heirs were placed in possession under the provisions of the will by judgment signed on May 26, 1952, and the executrix was finally discharged by judgment dated June 9, 1952. The $300.00 bequest to Joseph Cen-tanni was deposited in the registry of court and later withdrawn for his account.
On March 9, 1959, after the death of Mrs. Centanni, widow of Rosario, in 1957 and after the opening of her succession, the second of the two attorneys for Joseph Cen-tanni filed a petition on his behalf seeking to have the aforesaid will of Rosario annulled and declared void. He now contends that the testator did not understand sufficient English and had dictated his will (written in English by the notary) in the Sicilian dialect of the Italian language, which was understood by only one other person present, a witness who acted as interpreter. The petition includes a request for the consolidation of the two successions, seeks to have certain real estate, included in the husband’s succession as community property, declared to be the separate and paraphernal property of Mrs. Centanni, and also seeks collation in both successions; it contains no allegation, nor does petitioner contend or argue the presence, of fraud and it does not allege the above mentioned defect relative to language, which defect was urged only in memoranda, in brief and in argument.
Exceptions of estoppel, res judicata, prescription, nonjoinder and no cause of action (the last being levelled at collation) were maintained by the trial court with reference to the Succession of Rosario Centanni and all demands as to that succession were dismissed. The judgment also maintained an exception of no cause of action levelled at petitioner’s demands in the Succession of Mrs. Centanni for nullity of the will, collation and a reduction of legacies with leave, *638 however, to amend the petition within ten days, the suit to be dismissed as to this succession in default of such timely amendment. The judgment also maintained an exception of estoppel levelled at the attempt to have the particular real estate declared the separate property of Mrs. Cen-tanni and the demand was dismissed. The attorney for the absent heir has appealed from this judgment.
The record is confusing and in some instances incomplete. However, during oral argument counsel for both sides have informed this court that the only matter presented for our consideration is that portion of the judgment maintaining the exceptions in the Succession of Rosario Centanni and dismissing all demands as to that succession. Confining ourselves to this portion of the judgment, and as a result of our conclusion in connection with the exception of prescription, that exception is the only one we need discuss.
The prescription with which we are here concerned is to be found in Civil Code Article 3542, the pertinent part of which reads as follows:
“The following actions are prescribed by five years:
“That for the nullity or rescission of contracts, testaments or other acts. * =1= *» LSA-C.C. Art. 3542.
It is quite clear that more than five years have elapsed in the instant case. But petitioner contends that Article 3542 is not applicable because, as a result of the testator’s lack of knowledge of English and the use as interpreter of the one witness who understood both languages, Rosario’s will contained an inherent defect, prohibited by law, which rendered the same null from its inception and thus no valid will ever came into existence.
We do not agree with this contention. It is true that the defect here urged would render the will invalid if the same had been properly and timely alleged and proved. The inability of a necessary witness to a nuncupative will by public act to understand either the language in which the will is written or the language in which the same is dictated renders the will null; and such a will is also null where the testator does not understand the language in which the notary wrote and read the will. Debaillon v. Fuselier, 159 La. 1044, 106 So. 559; Lataprie v. Baudot, 152 La. 177, 92 So. 776; Succession of D’Auterive, 39 La.Ann. 1092, 3 So. 341; Gonzales v. Gonzales, 13 La. 104.
The rationale of these cases is especially well expressed in Debaillon v. Fuselier, supra, at page 1048 of the Louisiana citation and at page 561 of the Southern citation, as follows:
“The decisions maintaining that a witness to a nuncupative will by public act is incompetent if he does not understand the language in which the will is dictated, or if he does not understand the language in which the will is written, are founded, not upon any express requirement of the Code with regard to the competency of witnesses, but upon the obvious and substantial reason that a witness to a nuncupative will must be able to compare what he hears the notary read to the testator with what he has heard the testator dictate to the notary. For the same reason — if not for better reason — the testator must be able to compare what the notary reads to him with what he has dictated to the notary. There is no opportunity for such comparison when the notary, having written the will in a language other than that in which it was dictated, translates it back into the language in which it was dictated, and thereby merely repeats to the testator what he dictated.”
Thus the cited cases under which Rosario’s will would be null are based upon either dictation or reading of the will in a language not understood by the testator or the witnesses. But a complete absence of the reading of a nuncupative will by pH- *639 vate act, necessary to its validity as is also true in the case of the nuncuptative will by public act (LSA-C.C. arts. 1582 and 1578), is a defect of form cured by the prescription of five years under Civil Code Article 3542. Miller v. Miller, 32 La.Ann. 437.
We conclude that petitioner’s action, even if his petition had properly alleged the defect of which he complains, is barred by the five year prescription under Article 3542.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.