McBRIDE, Judge.
This matter was previously before us on appeal. See Succession of Centanni, La. App., 151 So.2d 539, from which it appears:
“Anna Saragusa, widow of Rosario Centanni, died in the City of New Orleans on August 23, 1957, leaving a last will and testament in the nuncupative form by public act. Her husband had predeceased her (see Succession of Cen-tanni, La.App. 142 So.2d 636). She was survived by ten children, one of whom is Joseph Centanni, a resident of Italy and represented herein, as an absent heir, by an attorney appointed by the court.
“The will bequeathed $300.00 to Joseph and the remainder of decedent’s estate to the other nine children and provided that, in the event this disposition to Joseph was declared void, the other nine children were to receive- the disposable portion of the estate. It also stated that the $300.00 given to the absent son constituted his share of the estate and that, when considered with the many advances made by decedent during her life to that heir, such advances amounted to much more than the share any one of the other children would receive under the will. The same provisions were contained in the will left by decedent’s husband, as may be seen by reference to his above cited succession.
“In this case the attorney for Joseph Centanni filed a petition and three supplemental petitions seeking, among other things, that the will itself be declared null and void, that the $300.00 bequest to him be declared null and void, that certain property in the succession be declared to be the separate and paraphernal property of the decedent and not community property, that the property be reappraised, that there be collation, that Joseph be recognized as one of the decedent’s ten children, as such entitled to inherit one-tenth of her estate and, alternatively, that Joseph be decreed entitled to inherit his full portion as a forced heir.”
Our decree on said former appeal was as follows:
“For the reasons assigned, the orders or judgments appealed from are affirmed and the matter is remanded for further proceedings in connection with all issues other than the validity of decedent’s last will and testament, all in accordance with law; costs of this appeal to be paid by the appellant.”
The issues involved in this matter on the remand were (1) the demand by his coheirs that Joseph Centanni collate the amount of the advances made to him by his father and mother during the community existing between them; (2) the demand of Joseph Centanni against his brothers and sisters, particularly Angelo and Salvador Centanni, for collation of advances made to them; (3) the verity of the inventory of the effects of Mrs. Centanni’s estate taken December 4, 1957; and (4) Joseph Centan-ni’s demand for a partition thereof.
Upon the remand the trial court, in adjudicating said issues, rejected all of the demands of Joseph Centanni who was recognized as a legatee only to the extent of the $300 bequeathed to him in the will of his mother, Anna Saragusa Centanni. Joseph Centanni appealed from the judgment.
Counsel for appellant contends that his motion for a new trial based on the ground that the judgment is contrary to the law and the evidence should have been granted. The record discloses that the motion was not filed until nearly a month after the judgment had been rendered and the motion was denied for that reason. It is counsel’s position that whereas he was ill and incapacitated that equity would require that his time for making application for a new trial be extended and that the motion was timely because it was made as *456 soon as he was physically able to attend to his affairs. There is no reason for discussing the matter of the motion for a new trial further; the order refusing the motion was merely interlocutory and worked no irreparable injury. Appellant has no ground for complaint in that on this appeal this court is bound to review the correctness of the judgment both as to the law and the evidence.
The trial court held that Joseph Centanni was obligated to collate $6032.50. We have reviewed the evidence and are satisfied that Joseph Centanni received from his mother and father during the community which existed between them a total of $12,065 advanced to him at various times and in varying amounts. The following comprises a summary of these advances:
1. $5.00 per month for four years $ 240.00
2. After discharge from Army $100.00 to get married and $100.00 to buy mule 200.00
3. Two or three years later sent another $100.00 for second mule 100.00
4. When he lost his wife, sent $100.00 for hospital and $100.00 to bury his wife 200.00
5. After his second marriage his father sent him $500.00 to come to America with his wife and children 500.00
6. Father paid passage to Pennsylvania 300.00
7. Father paid passage back to New Orleans from Pennsylvania 300.00
8. Father paid rent of $30.-00 per mouth for four years 1,440.00
9. Father paid $100.00 per month for food for four years 4,800.00
10. Paid hospital and doctor bills for birth of third and fourth children 85.00
11. Father paid $500.00 for passage for Joseph and family to Italy 500.00
12. Father sent Joseph $2,-000.00 to purchase land in Italy before Joseph came to America. Joseph would not and never did give the title to this land to his father 2,000.00
13. Joseph obtained from his father an additional $1,-400.00 to purchase land owned by Joseph’s next door neighbor. Joseph never did place title of this second piece in his father’s name either. 1,400.00
$12,065.00
One-half of total to mother’s succession $ 6,032.50
The advances and the times they were made minutely appear from the deposition of Mrs. Centanni taken November 1, 1951, in the succession proceedings of her husband, Rosario Centanni. Mrs. Centanni was duly cross-examined by the attorney representing the absent heirs of Rosario Centanni (one of whom was Joseph Centan-ni), especially with reference to the advances Mrs. Centanni stated had been made to Joseph Centanni. The deposition, un-objected to, was introduced in evidence herein.
Joseph Centanni offered nothing of probative value to countervail his mother’s sworn testimony. His attorney sought unsuccessfully to have a certain affidavit made by Joseph Centanni in Italy admitted *457 in evidence. This, of course, is but a self-serving declaration, has no weight or force as evidence, and must be disregarded in considering the issue confronting the court. After the trial below had been concluded and the matter submitted on briefs, Joseph Centanni’s counsel did seek leave of court for his client to give depositions with reference to the question of collation on his part. There was no abuse of discretion by the trial judge in refusing to grant such leave. Obviously, the reason for the refusal was because the matter of preparation of evidence in the cause should have been made in advance of the trial and not after the case had been submitted, particularly in this case which had been pending for nine years, the litigants being of advanced ages some of them past 80 years.
The demand of Joseph Centanni that his brothers and sisters, particularly Angelo and Salvador, collate for monies received by them from the decedent is without merit as there is no evidence whatsoever supporting the same.
Joseph Centanni’s attack upon the validity of the inventory, particularly the valuations of some of the real property shown thereon must fall. No evidence was adduced by Centanni to support his allegations that the property was appraised at amounts below its true value.
Joseph Centanni is one of the ten children of decedent. The inventory herein reflects that the gross value of the succession property is $65,913.98. Decedent’s will bequeathed $300 to Joseph Centanni and the remainder of her estate to the other nine children. The amount which Joseph Centanni is obligated to collate, plus the $300, will exceed his legitime as measured by the fictive valuation of the estate and he has no interest in demanding a partition of the effects of the succession.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.