PER CURIAM.
This is an appeal from a summary judgment by which a will was nullified based on the testatrix’s inability to understand English, the language in which the will was typed.
Clorice Fontenot died on January 12, 1986. Her daughter Eunice presented a will for probate. Mrs. Fontenot’s son Joseph Jr. filed a petition to annul the probated testament. The will was executed in an attempt to comply with the requirements of LSA-R.S. 9:2443, the statutory will for illiterates. It contains the following passage:
“[T]he testatrix after stating that she understands very little of the English language, but that she does well understand the French Cajun dialect, and that she cannot read and write the English language for the reason that she does not know how, does hereby affix her mark on this last will and testament which was presented by me to the undersigned witnesses and caused it to be read aloud by Alvis J. Roche, Notary Public, in both the English language and the French Cajun dialect ...”
The plaintiff and the defendants, legatees under the will, filed motions for summary judgment. The trial judge denied the defendants’ motion, but granted the plaintiff’s motion and annulled the will. The defendants appeal, and we reverse.
A summary judgment is appropriate only where there is no genuine issue as to material fact. LSA-C.C.P. art. 966. The legal requirements for the execution of a will under LSA-R.S. 9:2443 are not in dispute. In determining whether Mrs. Fontenot’s will fulfills those requirements, the pertinent questions will involve her knowledge of English, which is a matter of fact. The affidavits filed in conjunction with the motions for summary judgment contain certain allegations as to Mrs. Fontenot’s understanding of English. These affidavits establish clearly that there is a substantial issue of fact concerning the decedent’s ability to handle the English language. Therefore, we reverse the summary judgment and remand the case for a determination on the merits.
A resolution of the controverted facts is necessary in order that proper legal principles may be applied. We refer to such principles as are announced in Succession of Dauzat, 212 So.2d 523 (La.App. 3d Cir.1968), and the cases cited therein, particularly Debaillon v. Fuselier, 159 La.1044, 106 So. 559 (1925).
The summary judgment rendered by the trial court is reversed, and the matter is *998 remanded for proceedings consistent with the analysis herein.
REVERSED AND REMANDED.