(59 South. 981.)

No. 19,116.

LINNAN v. LINNAN.

(Nov. 18, 1912.)

*(Syllabus by the Court.)*

1. MASTER AND SERVANT (§ 6*)—EMPLOYMENT —BURDEN OF PROOF.

Where plaintiff bases a claim for services on a quantum meruit, and alleges that those services have been rendered on a contract of employment, without any compensation being fixed, the burden of proving the contract of employment is upon him.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. § 6.*]

2. COMPROMISE AND SETTLEMENT (§ 23*)—EVIDENCE—BURDEN OF PROOF.

Where plaintiff declares upon a settlement arrived at between him and the defendant the burden of proving the terms of settlement is upon him.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 91–94; Dec. Dig. § 23.*]

3. ARBITRATION AND AWARD (§ 51*) — COMPROMISE AND SETTLEMENT (§ 5*)—REQUISITES OF AWARD—NECESSITY OF WRITING.

When such settlement is not reduced to writing, it cannot be construed as an award of arbitrators or a compromise.

[Ed. Note.—For other cases, see Arbitration and Award, Cent. Dig. §§ 254–260; Dec. Dig. § 51;* Compromise and Settlement, Cent. Dig. §§ 10–16; Dec. Dig. § 5.*]

*(Additional Syllabus by Editorial Staff.)*

4. COMPROMISE AND SETTLEMENT (§ 23*)—EVIDENCE—SUFFICIENCY.

Testimony of plaintiff alone contradicted by defendant as to a settlement of plaintiff's claim entered into with defendant *held* insufficient on which to pass a judgment.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 91–94; Dec. Dig. § 23.*]

5. MASTER AND SERVANT (§ 6*)—EMPLOYMENT —EVIDENCE.

In an action on quantum meruit for services rendered, evidence *held* to show that there was no contract of employment, but that the services were rendered by plaintiff as a member of the household.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 6; Dec. Dig. § 6.*]

6. ASSAULT AND BATTERY (§ 40*)—CIVIL LIABILITY—DAMAGES.

Where plaintiff, struck by her brother, was battered and bruised to some extent, but did not suffer serious or permanent injuries, and no exemplary damages were asked for, an award of $1,000 damages was sufficient.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 55; Dec. Dig. § 40.*]

Appeal from Twenty-Second Judicial District Court, Parish of East Baton Rouge; H. F. Brunot, Judge.

Action by Penelope J. Linnan against Michael L. Linnan. From the judgment, plaintiff appeals. Affirmed.

John Fred Odom, of Baton Rouge, for appellant. Laycock & Beale, of Baton Rouge, for appellee.

SOMMERVILLE, J. Plaintiff and defendant are sister and brother. They resided together for some years in levee construction camps; the brother being engaged in the business of building levees at different places. The plaintiff alleges that she was engaged by her brother as bookkeeper, general manager, to look after cooking, running the commissary, issuing rations, etc. She declares upon a contract of employment, and asks for judgment in the sum of $8,000 against him. She also alleges that her brother beat and bruised her, for which she asks an additional judgment against him for damages in the sum of $10,000.

Defendant answers, denying all the allegations in plaintiff's petition contained, specially denying that he employed plaintiff, or that he owes her any money whatever. Further answering, he admits having struck his sister, but claims that the provocation was great. There was judgment denying plaintiff's demand for services rendered; but giving her a judgment against defendant for $1,000 as damages resulting from the assault and battery upon her. Plaintiff has appealed.

Defendant has filed a plea of prescription

in this court of one and three years against the claim for services made by the plaintiff.

In her petition plaintiff does not allege that defendant promised her any specific sum for her services. She sues upon a quantum meruit. The period for which she claims compensation is from the middle of July, 1901, to December 8, 1908. She also alleges that in the month of December, 1909, she and the defendant had a settlement in which defendant admitted that he owed her a balance of $8,000, which she is now claiming, for services rendered.

[3-5] The settlement declared upon appears to have been discussed in the house of a priest in Baton Rouge, in the presence of two witnesses; but this priest and the two witnesses referred to were not called to testify in the cause. We have only the testimony of the plaintiff as to the terms of that settlement, contradicted by that of the defendant. It is insufficient upon which to base a judgment. The settlement, if made, was not reduced to writing, and there is nothing in the record, beyond the contradictory statements of plaintiff and defendant, to indicate the nature of the settlement. When plaintiff was on the witness stand, her counsel disclaimed any intention of showing arbitration, or any award under such arbitration. There is no evidence of a compromise. Plaintiff appears to claim under an alleged settlement of differences wherein a balance of $8,000 is fixed as being due to her. But defendant testifies absolutely to the contrary. He says that there never was any agreement as to employment, or any amount, or any settlement. He says that the meeting in the priest's house was arranged by the plaintiff, and that he had no representative whatever there; that he made no statement whatever to or before the priest and the two persons; and that, when the priest asked him to give his sister $8,000, "he shook hands with him, and that was an equivalent to an agreement."

Such a promise to a third person cannot be construed as a settlement of accounts between plaintiff and defendant. It was a mere promise of a gift—a promise to make provision for his sister, a member of his family, made to the mutual friend or friends of both parties.

Whilst plaintiff declares upon a contract, she testifies positively that she did not "have a set salary. I wasn't working on a salary." And defendant testifies:

"There was never a word of compensation, or agreement, or contract spoken of until she started away from the camp in 1908. That was the first intimation I ever had of wages."

That the plaintiff has rendered valuable services to her brother' in the discharge of his business there is no room for doubt. But, in the absence of sufficient proof of a contract, we are compelled to hold that there was none, specially in view of the close relationship of the two parties, and that plaintiff lived in the camps of her brother as one of his family. She was not treated as an employé. She herself testifies to the very friendly relations existing between her and him, of her freedom of action, and of the generosity of her brother towards her. The checks which he gave her were signed in blank, for her to fill out, to be used as she saw proper. And he does not complain that the confidence he reposed in her was ever abused. The brother and two sisters of the plaintiff and defendant testify to the homelike relations existing between plaintiff and defendant, her freedom of action, and of their belief that there was no contract of employment between the two. Witnesses for the plaintiff and the defendant testify to the same effect. We are forced to the conclusion that plaintiff was a member of the household of the defendant, rendering such services as might be required of her at any and all times, without any expectation of salary, or reward, beyond the generous treatment accorded to her by the defendant, and that the relations

of employer and employé did not exist between them. This was the opinion of the trial judge who saw and heard most of the witnesses, and who was in a better position to judge of their testimony than we are.

[6] As to the claim for damages for assault and battery, upon which the trial judge awarded $1,000 to plaintiff, we are not disposed to make any change. Defendant admits that he struck his sister, but he denies that he abused her in the manner alleged in the petition. The testimony of the physician who examined plaintiff shows that she was battered and bruised to some extent; but he does not testify to any serious or permanent injuries resulting therefrom. Plaintiff argues that this is a case in which exemplary damages should be imposed; but she has only asked for actual damages. As the evidence does not disclose that plaintiff was injured in excess of one thousand dollars damages, the judgment appealed from is affirmed at plaintiff's cost.