OTIS ELEVATOR CO. v. SOUTHERN HAT CO.

(November 18, 1929. Opinion and Decree.)

E. E. Willis and Merrick & Schwarz, of New Orleans, attorneys for plaintiff, appellee.

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. The Otis Elevator Company, plaintiff herein, made certain repairs to an elevator owned or operated by the defendant, Southern Hat Company. The defendant refused or failed to pay plaintiff's bill for the repairs and plaintiff placed its claim in the hands of its attorney for collection. The sum charged by plaintiff for its work was $165.69, but for some reason, its attorney in demanding payment asked only for $65, which was promptly paid by the defendant, who obtained a receipt in full from plaintiff's counsel.

Defendant now relies upon that receipt as a full discharge of its obligation. This defense cannot prevail. In the case of Bass v. Balph, 5 La. Ann. 235, the Court said:

"The consideration of a receipt may be explained by testimony."

In the case of Fletcher vs. Fletcher, 5 La. Ann. 406, the Court said:

"The instrument stands before us as a private writing, and we have always held that a receipt for money paid was not conclusive between the parties, but open to explanation by evidence."

In the case of Borden vs. Hope, 21 La. Ann. 581, the Court said:

"A receipt given for money paid is not conclusive between the parties, and may be contradicted or explained by evidence * * *."

See also Succession of Croizet, 12 La. Ann. 401; and 22 C. J. page 1135, par. 1520.

Nor can the action of plaintiff's counsel in accepting the $65 be construed as a compromise. C. C. 3071; Francois vs. Maison Blanche Realty Co., 134 La. 219, 63 So. 880, Ann. Cas. 1916-B, 451; Linnan vs. Linnan, 131 La. 535, 59 So. 981.

It is in evidence and undisputed that the actual cost of the labor and material required for the repair of the defendant's elevator was $115. We are, therefore, of the opinion that the charge of $165.69 does not allow plaintiff an unusual profit and is reasonable.

The trial court awarded plaintiff judgment for the sum of $100.69, the balance due, and we see no reason to disturb its finding.

For the reasons assigned the judgment appealed from is affirmed.