No. 3813

**Second Circuit**

BURRAGE v. GILL

(November 7, 1930.   Opinion and Decree.)
(December 23, 1930.   Rehearing Refused.)

W. W. McDonald and Kimball & Smith, of Shreveport, attorneys for plaintiff, appellant.

Theus, Grisham, Davis & Leigh, of Monroe, attorneys for defendant, appellee.

DREW, J.  Plaintiff alleges herself to be the mother of the minor, Sidney A. Burrage, and, living separate and apart from her husband, John Garrett Burrage, seeks as natural tutrix, in accordance with Act No. 197 of the General Assembly of the state of Louisiana for the year 1924, to recover damages in the sum of $40,000 for and in behalf of her minor son above named.

She alleges, as the cause of action, a brutal, malicious, and unmerciful whipping of the minor by the defendant on or about the 6th day of August, 1928, which, according to the petition, was administered with a large, heavy strap on the minor's naked, or partially naked, body.  She further alleges that following the whipping the minor was forced to bed without food or water, and that on the following day he was forced to work in the field in the burning sun with a guard standing over him, armed with a stick.  She alleges that the above treatment was inflicted upon her minor son by the defendant, W. J. Gill, while he was superintendent of the Louisiana Training Institute, at Monroe, La., and while the minor was confined in that institute.

Defendant denies each of the allegations of plaintiff's petition.

The case was tried before a jury, resulting in a verdict rejecting the demands of the plaintiff, and, from this judgment, she has appealed.

The issues to be determined by this court are wholly ones of fact. Plaintiff contends that her minor son was brutally whipped by the defendant. Defendant denies that he ever whipped plaintiff's son, and testified that the minor had not committed any offense that would justify him in whipping him or having him whipped. To decide this question is to decide the case.

The jury was unanimous in its verdict for defendant, and the appellate courts of this state have repeatedly held that, where issues of fact only are involved, they will affirm the finding of the jury, unless such finding is manifestly erroneous. In this case, the finding of the jury is clearly erroneous.

On July 11, 1928, plaintiff's minor son was sent to the Louisiana Training Institute, at Monroe, as a neglected dependent. On the 6th day of August, several boys escaped from that institution and were recaptured. The boys who escaped and were caught told the defendant herein, who was superintendent at that time, that other boys had assisted them in making their escape. Plaintiff's son had not escaped, but claims that he was whipped for not telling on the boys that did. A few days later, on Friday of the same week, the plaintiff's son was ordered to be sent home by the juvenile judge of Caddo parish, and arrived at Shreveport about o'clock on Friday evening, August 10th. The next morning, his mother went with him to the courthouse, in Shreveport, showed his condition to the judge of the juvenile court and the probation officer, and from there she took him to the office of the Shreveport Journal, where she showed his condition to the editor of that paper and to other witnesses who were present at the time. Plaintiff then went with her son to an attorney's office, and from there to a photographer's studio, where she had pictures made of her son, showing the marks on his body. All of the above witnesses have testified in the case as to the boy's condition the morning after he returned home from the institute at Monroe, and three or four of the boy inmates of the institute testified that plaintiff's son had been whipped by defendant on the afternoon of August 6th. There can be no doubt that the boy shown to the above-named witnesses on August 11, 1928, and whose picture was taken on the same day, which picture is filed in evidence, had been whipped and very severely.

Defendant contends that the picture filed in evidence is of another boy, by the name of Tow, who, he admits, he whipped severely at about the same time. However, the record discloses that the Tow boy had been recaptured and placed back in the institute at Monroe before the plaintiff's son returned to Shreveport, and there is no evidence to show that he had been released at the time the photograph of plaintiff's son was made and at the time the boy was shown to the other witnesses above referred to.

The boy was shown to the probation officer who had him in charge and who had delivered him to Monroe only a little more than three weeks before, and to the judge who had sent him to Monroe, and it would be very difficult to believe that the plaintiff displayed to the witnesses some boy other than her own. We would have to accept that view of the case without any evidence to support it in order to hold

that the Burrage boy had not been whipped, and severely whipped, at the time he was displayed to the witnesses in Shreveport.

The evidence is convincing that plaintiff's son was whipped by the defendant at the time and place designated in the petition. There were two hundred or more young boys in this institute; plaintiff's son had been there only a short time, and it is possible that he was whipped by mistake for some other child. Be that as it may, there is no doubt about his being whipped, severely and wrongfully. Defendant testified that the boy had committed no offense that would justify a whipping; therefore the defendant is liable for the damage occasioned by his illegal and wrongful whipping of plaintiff's son.

The testimony shows that the boy was brutally and unmercifully whipped, judging from his appearance at the time the witnesses examined him. However, he has sustained no after effects from the whipping he received. His mother did not have a doctor with him. She testifies that he was highly nervous and rolled and tossed in his sleep from the effects of the beating he had received. However, it did not affect him in the daytime, and, to assume that a child who rolls, tosses, and talks in his sleep, does so by reason of a whipping he has received, would be assuming too much. She claims that to mention the training institute to him made him highly nervous, but the boy testified that he had been to Monroe several times since his release from the institute and on each occasion had visited the institute. There can be no doubt that the boy suffered from the whipping he received for possibly several weeks; however, he was not confined to his bed, could walk around as usual, and was fully recovered before the trial of this case in the lower court.

There is no way of measuring the amount of damages in such a case as this. However, we think $600 will be a reasonable award.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and there now be judgment in favor of plaintiff and against defendant in the sum of $600, with legal interest thereon from judicial demand until paid, and for all costs of this suit.

ODOM, J., dissents.