VINOT ET AL. v. LOUISVILLE & NASH-
VILLE RAILROAD CO.

(May 25, 1931.  Opinion and Decree.)
(July 1, 1931.  Rehearing Refused.)

Pomes & McCabe, of New Orleans, at-
torneys for plaintiffs, appellees.

Denegre, Leovy & Chaffe and Harry
McCall, of New Orleans, attorneys for de-
fendant, appellant.

HIGGINS, J.  The parents of Lionel Vin-
ot bring this suit in his behalf, claiming
damages for personal injuries said to
have resulted from an assault and battery
committed by the flagman of the defendant
carrier upon the boy while the latter was
a passenger on its train on April 11, 1930.

The defense is that the boy was annoy-
ing a young school girl, who was also a
passenger on the train, by placing his feet
on the back of the seat on which she was
sitting and pushing her forward, causing
the girl and her books to fall on the floor,
and that, when the flagman remonstrated
with him, the boy cursed and abused the
flagman and attempted to strike him,
whereupon the flagman slapped him in
the mouth with his open hand and spanked
him on his buttocks.

There was judgment in favor of the
plaintiff for the sum of $300, and defend-
ant has appealed.

The record shows that a number of
school children used the defendant's train
to go to and from school, which they at-
tended in the city of New Orleans.  Plain-
tiffs' son, aged 14 years, and about four
and one-half feet in height, and weighing
90 pounds, was a passenger on the de-
fendant's train returning home from school.
There was a little girl sitting in the seat
in front of him, and the boy placed his
feet against the back of the seat, and
pushed her and her books forward, causing
her and her books to fall on the floor.
She appealed to the conductor, who, in a
courteous and friendly manner, asked the
boy to desist from teasing the child.  After
the conductor left, the boy again placed
his foot on the back of the seat, and the
little girl complained to the flagman.  When
he came to where the boy was sitting,
young Vinot still had his foot on the back
of the seat, and simultaneously with order-

ing the boy to remove his foot the flagman kicked his foot down. The boy then jumped up and told the flagman to go beat his own children and mother, whereupon the flagman slapped him across the face several times, caught him by the neck, and punched him several times in the body. He then pulled the boy to another seat, and forcibly threw him on the seat, and there held him down and administered a beating to his face and body with his fists, striking the boy a number of blows.

The flagman's version of the occurrence was that the boy cursed and abused him, and that it was with a view of disciplining him and bringing him to his senses, because of the profane language he was using in front of the school children, that he slapped him in the mouth and thereafter spanked him in order to make the boy behave himself.

The trial court, in its reasons for judgment, said:

"* * * The boy was teasing the little girl (as boys have been teasing little girls since the world began). It may well be the flagman was justified in interfering to stop him. Of course, it is the duty of trainmen to protect a passenger from injury, or even annoyance, at the hands of other passengers. But the action of the flagman grossly exceeded what the occasion required. The boy, fourteen years of age, was small and slight. The blows which the flagman struck blackened his eyes, one of them nearly closing, caused his face to redden and swell and bruised his side and back. These injuries are proved not only by the testimony of his schoolmates and his father and grandmother, but by that of Mrs. Netto and Doctor Rappanier, witnesses, who seemed without interest or partisanship. I have no doubt the facts are as these two state them. Even if the boy did push the little girl off her seat and scatter her books on the floor—and did so again after he had been reproved by the flagman—and if he did use the bad language attributed to him, can it be said that the flagman was justified in inflicting on him so severe a beating? I observe the defendant claims the power not only to prevent, but to punish misbehavior of a passenger. The trainman may be a policeman, but he is not a judge. The character of the boy's injuries proves that the flagman was actuated by ill temper and that his purpose was not so much to correct misbehavior as to gratify his anger."

If the flagman's statement as to how he corrected the boy were true, it is certain that the boy would not have sustained the very severe injuries which he did. Our views are in accord with the opinion of our learned brother below.

He allowed the sum of $300. Defendant contends that this amount is manifestly excessive, and the plaintiff has answered the appeal, and asked that the award be increased. As a result of the beating, the boy sustained a swollen and bruised face, causing him to have two black eyes, one of which was partly closed, contusions of the head, ribs, spine, and back, and also an injury to his leg, where the flagman kicked him, all resulting in severe shock to his nervous system. The boy made four or five visits to the doctor's office for treatment. His injuries were painful, but not serious or permanent. The award of the court below was for the pain, suffering, temporary disfigurement, and humiliation, because the boy was severely beaten in the presence of a number of his schoolmates. In the light of the awards in the following cases, we believe the amount allowed is reasonable: Burrage v. Gill, 15 La. App. 126, 130 So. 857; Harvey v. Harvey, 124 La. 595, 50 So. 592; Linnan v. Linnan, 131 La. 535, 59 So. 981; Cerneglia v. Fratello, 144 La. 795, 81 So. 318; McVay v. Ellis, 148 La. 247, 86 So. 783.

For the reasons assigned, the judgment is affirmed.