(63 South. 56.)

No. 19,483.

Succession of DERIGNY.

(June 30, 1913.)

*(Syllabus by Editorial Staff.)*

DESCENT AND DISTRIBUTION (§ 90*)—ACTION BY HEIRS—BONA FIDE PURCHASER—CONVEYANCE BY UNIVERSAL LEGATEE.

Where, in an action by the legal heirs to cancel a will and the probate thereof, and recover from defendant property conveyed to him by the universal legatee, the petition alleged merely that defendant held through and from the universal legatee, and not that he had acquired from persons who by judgment of court had been recognized as the legal heirs of deceased, the exception of no cause of action should have been overruled and the questions whether defendant acquired from putative or apparent heirs of deceased, and whether defendant was a purchaser in good faith should have been left to the jury.

[Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. §§ 351–358, 368–381; Dec. Dig. § 90.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by the legal heirs of Albert Derigny to recover real estate held by defendant through and from the universal legatee. From a judgment dismissing plaintiffs' suit, they appeal. Reversed and remanded.

Henry Denis and Theo. Cotonio, both of New Orleans, for appellants. Benj. R. Forman, of New Orleans, for appellee Rossi.

PROVOSTY, J. This suit is brought by the legal heirs of the de cujus, Albert Derigny, to annul his will, as well as the judgment probating it, and sending the universal legatee into possession, and to recover of the defendant certain real estate which is alleged to have belonged to the succession, and which defendant is alleged to be holding "through and from" the said universal legatee. His title is alleged to be null, and he is alleged to be—

"a possessor in bad faith, having acquired the said properties with full knowledge of the vices and defects with which the said title is and was tainted."

There is no specific allegation of why the title of defendant is null, nor of what are the "vices and defects" which he is alleged to have had knowledge of; but from the petition as a whole the inference is that it all results from the nullity of the will.

Defendant excepted that, the succession of the de cujus having been closed by final judgment, and the universal legatee sent into possession, any suit by the legal heirs to recover the property of the succession could only be filed as an independent suit, and not as a mere incident to the succession proceedings.

He also excepted that in so far as the suit was an action to annul a certain judgment, by which certain persons, who had claimed to be the legal heirs of the de cujus had been recognized as such, said persons should have been made parties defendant.

These exceptions were overruled by the trial court, and they are now out of the case, since the defendant has neither appealed nor filed an answer to the appeal.

Defendant also filed an exception of no cause of action.

This exception was sustained, and the suit of plaintiffs dismissed; and they have appealed.

In defendant's brief the case is argued as if the petition had alleged that the defendant had acquired from persons who by judgment of court had been recognized as the legal heirs of the de cujus, whereas no such allegation is to be found in the petition; but only that defendant holds through and from the universal legatee. As a matter of fact, certain persons were recognized as the heirs of the de cujus, and they made a compromise with the universal legatee, and they and the universal legatee made an amicable partition of the estate; but the petition alleges nothing of all this.

Defendant relies upon articles 77 and 78 of the Code, which read as follows:

"Art. 77. In case a succession shall be opened in favor of a person whose existence is not known, such inheritance shall devolve exclusively on those who have had a concurrent right with him to the estate, or on those on whom the inheritance should have devolved if such person had not existed.

"Art. 78. The provisions of the two previous articles shall not affect the right of claiming the inheritance and any other rights ,which the absentee or his representatives or assigns may have; these shall be extinguished only by the lapse of time which is established for prescription."

Whether this article 77 applies to testamentary heirs, and not exclusively to legal heirs, is a question not argued in the briefs, and which, therefore, we do not inquire into.

This court had occasion to interpret these articles in the case of Martinez v. Wall, 107 La. 737, 31 South. 1023, and there held that where the existence of the real heir is unknown, and a person supposed to be the legal heir has been sent into possession, third persons may deal safely with the supposed heir thus sent into possession. The question has been a much debated one among the commentators upon the corresponding articles of the Code Napoléon; but all these commentators are agreed that the third person so dealing must, in order to be protected, have been in good faith, and the brief of learned counsel for defendant acknowledges that much at page 19, where the syllabus in the case of Laurence, Tutor, etc., Journal du Palais, 1878, p. 60, is quoted as · correctly summing up the law on this point, as follows:

"The sale or mortgage consented by an apparent heir is valid as regard the real heir, especially as to the testamentary heir, when the third purchaser or the mortgage creditor has acted in good faith."

And, again, the brief has the following:

"Sales consented by the apparent heir or legatee are valid as regards third persons in good faith, and cannot be attacked by the real heir." Dufour v. Labrousse, 25 J. P. 1115 (1833); J. P. 1880, p. 39; Goedorp v. Pastrol.

"Jurisprudence is constant in this respect; that a sale consented by a putative or apparent heir must be maintained when there is good faith on the part of the purchaser and of the vendor." 25 J. P. 237, Despony v. Doniez (1833); De Rastigas v. Rolland, J. P. vol. 1, pp. 331–333.

The exception of no cause of action should therefore have been overruled, and the case left to be tried upon the question of whether defendant acquired from the putative or apparent heirs, testamentary or legal, of the de cujus, and, if so, whether it was done in good faith.

The judgment appealed from is therefore set aside, and the exception of no cause of action is overruled, and the case remanded to be proceeded with according to law.