Orleans, agreeably to the requirement of Act No. 19 of 1912, and that the costs of the appeal to this court be paid by the appellant.

PROVOSTY, J., takes no part herein, being absent on account of illness.

(64 South. 792.)

No. 19,919.

## BISSELL v. BODCAW LUMBER CO.

(March 2, 1914. Rehearing Denied March 30, 1914.)

*(Syllabus by the Court.)*

1. WILLS (§ 434\*)—FOREIGN WILL—DEVISE OF REALTY—TITLE CONVEYED.

A will made and duly probated in the state of New York in the year 1905, by which the testator left a legacy to his only son, and devised the remainder of his property, including certain timber lands in Louisiana, to his wife, although not registered and ordered to be executed in the latter state, is a sufficient muniment of title to protect the vendee of the widow, made defendant in a petitory action brought by the son, in the year 1912, to recover a half interest in said lands as the heir at law of the deceased.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 937–945; Dec. Dig. § 434.\*]

2. WILLS (§ 260\*)—SUITS TO ANNUL WILL—PRESCRIPTION—LIMITATIONS.

Suits to rescind or annul testaments, or to reduce excessive donations, are, as to major heirs, barred by the lapse of five years.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 600–606; Dec. Dig. § 260.\*]

Monroe, J., dissenting.

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Action by Charles R. Bissell against the Bodcaw Lumber Company. Judgment for defendant, and plaintiff appeals. Affirmed.

John H. Mathews, of Winnefield, for appellant. Henry Moore, of Texarkana, Ark., and H. H. White and R. F. White, both of Alexandria, for appellee.

LAND, J. This is a petitory action to recover an undivided half interest in 3,734 acres of land situated in the parish of Winn. Plaintiff claims title as the sole heir of his father, Chas. R. Bissell. The defendant claims title by deed from plaintiff's mother, Mrs. Kate E. Bissell, who, it is alleged, acquired title from her husband by last will and testament duly probated at his domicile in the state of New York.

On the trial the defendant offered in evidence a duly certified copy of said last will and of the probate proceedings in the state of New York. Plaintiff's counsel objected, on the ground that the purported will had never been probated or ordered to be executed in the state of Louisiana, and especially in Winn parish, where the land in dispute is situated. The judge below admitted the document in evidence, treating the objection as going to the effect.

It appears that defendant in its answer set up the will as a muniment of title, and pleaded the prescription of five years in bar of any action to annul the same, or to reduce the same as being in excess of the disposable portion. The case was tried on the plea of prescription, which was sustained, and the plaintiff has appealed.

[1] Article 1688 of the Civil Code reads:

"Testaments made in foreign countries and other states of the Union, cannot be carried into effect on property in this state, without being registered in the court within the jurisdiction of which the property is situated, and the execution thereof ordered by the judge."

Defendants' counsel, however, contend that a foreign will duly probated abroad may be used as a muniment of title, although not registered and ordered executed as required by article 1688 of the Civil Code, and cite several Louisiana cases in support of their contention.

In Johnson v. Rannels, 6 Mart. (N. S.) 622, the court said:

"There was no necessity for proving an order from any court of probates in this state for the execution of the will. This is only required when the will is to be carried in execution by

the executor suing for the property or the estate; not when the will is offered as evidence of title in the legatee against a party claiming title."

Other cases cited by defendant's counsel do not seem to be in point.

We shall proceed to consider the Louisiana cases cited by counsel for the plaintiff.

In Stewarts' Curator v. Row, 10 La. 531, and in Aubert v. Aubert, 6 La. Ann. 104, the wills were made in Louisiana, and were proved up, *but never ordered to be executed.*

In Marcos v. Barcas, 5 La. Ann. 265, and in Heirs of Landry v. Heirs of Duaron, 5 La. Ann. 612, the wills were never probated.

The case of Succession of Earhart, 50 La. Ann. 526, 23 South. 476, requires more consideration. That was a proceeding by one of the heirs against his coheirs alleging that they had taken possession of the property and papers of the deceased, and that the plaintiff was advised that they claimed that the deceased had left a last will. The plaintiff prayed that his coheirs be ordered to produce any will or paper purporting to be a will that might be in their possession, and that, if any such document should be produced, the same be probated, if found valid, and that, if the deceased made no will, it be decreed that she had died intestate. The respondents averred that their mother left no property in Louisiana except movables found in her bank box; denied that they had taken possession of any property of the estate; averred that their mother had left a will made according to the law of Maryland, of which they annexed a copy; that said will had been filed in the orphans' court, District of Columbia; and that the respondents were advised that the will, not in the form required by laws of Louisiana, could not be probated here; and that respondents made no claim, except for such judgment as the facts warranted.

It appears that on the trial the will or copy thereof was admitted in evidence over plaintiff's objection. The judgment of the trial court recognized the plaintiff and the three defendants as the legal heirs of the deceased, and ordered them to be sent into the possession of the property of the succession, reserving the rights of all parties in interest to assert or resist any rights founded on the paper if it should be ever presented for probate.

This court said in part as follows:

"The plaintiff on this appeal complains of the judgment because there was no decree that the deceased died intestate."

"The paper produced in the lower court, not in the form required by law for last wills, was not sought to be probated. If any demand had been made founded upon it, the objection to its introduction should have prevailed. No will can avail as a muniment of title unless probated, nor can it be probated unless in the form prescribed by the Code, art. 1637. Aubert v. Aubert, 6 La. Ann. 104; 1 Hennen's Digest, p. 467, No. 4."

As the paper was not sought to be probated, and no demand was founded upon it, the remarks of the organ of the court cannot be considered as authoritative. The best judges occasionally indulge in obiter.

None of the cases cited by plaintiff's counsel overrules the dictum in Johnson v. Rannels, supra, announced by Judge Martin as the organ of the court.

The will of Charles R. Bissell was duly probated in the surrogates' court of the state of New York on the 9th day of November, 1905. The plaintiff was a legatee under said will for one-half of a certain mortuary fund due the estate of the deceased by virtue of his membership in the Consolidated Exchange of New York City, and for his father's watch and jewelry.

[2] On November 29, 1912, the present suit was filed by the plaintiff to recover the half interest in the land which his father had devised to his mother, and his mother had conveyed to the defendant. The defendant interposes the will as a shield against the assault made by the plaintiff.

Plaintiff had five years within which to

sue in the Louisiana courts for the nullity or rescission of the testament, or a reduction of the donation to his mother, but he failed to do so.

Under the facts of this case, we are of the opinion that the will in question is a sufficient muniment of title to defeat the action of the plaintiff.

Judgment affirmed.

MONROE, J., dissents. PROVOSTY, J., absent on account of illness, takes no part.