(100 South. 251)

No. 24152.

### Succession of DERIGNY.

(March 24, 1924. Rehearing Denied by Division C May 5, 1924.)

*(Syllabus by Editorial Staff.)*

**1. Appeal and error** ⬤⟳1096(1)—**On second appeal, only issues on which case was remanded will be reviewed.**

Where Supreme Court has remanded case for further evidence on points not decided, on appeal from judgment in second trial questions originally decided will not be reopened, but only issue on which case was remanded will be reviewed.

**2. Descent and distribution** ⬤⟳87—**Succession; one purchasing from apparent legal heir of de cujus in good faith could hold as against real heir.**

Where defendant purchased property from purchaser of one who acquired it under compromise from apparent heirs of the de cujus, and they acquired it by judgment sending them into possession of his estate as such, defendant's title was derived from apparent and presumptive heirs of deceased, and he, having reason to believe they were legal heirs, could hold property against one claiming to be entitled to succession as nearest relative of deceased.

**3. Compromise and settlement** ⬤⟳5(3)—**Compromise between heirs must be in writing.**

In view of Civ. Code, art. 3071, compromise between heirs must be reduced to writing.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit by Antoinette Mercier against Anthony J. Rossi to recover interest in succession of Albert Derigny. Judgment for defendant, and plaintiff appeals. Affirmed.

Theo. Cotonio, of New Orleans, for appellant.

F. F. Teissier, of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a petitory action.

Albert Derigny died in 1904 leaving a will in which he made several bequests and named Augustine Landry residuary legatee.

The will was probated and ordered executed. Letters testamentary issued to Augustine Landry, an inventory of the estate was made, the legacies were discharged, and Augustine Landry was sent into possession of the estate as residuary legatee.

Certain collateral relatives of the deceased brought suit against Augustine Landry attacking the will for want of capacity in the testator to make a will, for irregularities in the confection of the will, and because the residuary legatee named therein was the concubine of the deceased. Pending a hearing of this suit, the plaintiffs therein obtained an ex parte judgment of the court recognizing them as the legal heirs of the deceased and putting them in possession of the property left by him without prejudice to the provisions of the will, and the rights of claimants thereunder. Thereafter the plaintiffs compromised all of their claims to the estate with Augustine Landry and dismissed their suit. The act of compromise and sales to effect a partition of the estate were recorded, and Augustine Landry sold four pieces of the property she acquired by virtue of the compromise, to Harry and Cleveland Gerdes. Following this transfer, Antoinette Mercier, a resident of France, filed this suit attacking the will, and alleging therein that she was the nearest relative of the deceased and entitled to inherit the succession to the exclusion of all others, and prayed to be recognized as the sole heir of the deceased and to be sent into possession of the estate. Two of the parties made defendants in this suit were Harry and Cleveland Gerdes. The plaintiff obtained orders for commissions to take the depositions of witnesses in France. Thereafter it developed that prior to the institution of her suit Harry and Cleveland Gerdes had sold the four lots they acquired from Augustine Landry to Anthony Rossi. Thereupon Anthony Rossi was substituted for Harry and Cleveland Gerdes as a defendant in the suit. On the trial of the case Rossi objected to the admission of the depositions in evidence because he was not a party to the suit when the commissions issued. The objection was overruled, and the trial resulted in a judgment for the plaintiff. The case was appealed, and this court annulled the judgment of the lower court and dismissed the suit as of nonsuit.

A new suit was filed, but as Antoinette Mercier compromised her claim with all of the defendants except Anthony J. Rossi, he alone is now being sued. Mr. Rossi was in possession of four lots of ground, which had belonged to the Derigny estate, and he effected a compromise with Antoinette Mercier as to two of the lots, but resisted a compromise as to the others. These lots are the property which the plaintiff is seeking to recover in this suit, together with the rents and revenues thereof. When the suit was brought, defendant excepted thereto, alleging that the petition did not state a cause of action. This exception was sustained by the lower court and the suit dismissed. The judgment was appealed from, and this court set it aside, overruled the

exception of no cause of action, and remanded the case to be proceeded with according to law. It was tried upon the merits, and from a judgment dismissing the suit and reserving to plaintiff the right to sue the defendant for the purchase price of the property, she has appealed.

Since the filing of the transcript in this court, Anthony J. Rossi died, and his widow, individually, and as natural tutrix to his minor children, has been made a party to the suit.

This case was remanded "to be tried upon the question of whether defendant acquired from the putative or apparent heirs, testamentary or legal, of the de cujus, and, if so, whether it was done in good faith." Succession of Derigny, 133 La. 384, 63 South. 57.

[1] We are of the opinion that the purpose for which the case was remanded is a limited one, and we are bound by those limitations.

"When this court has decided some of the issues of a case, and remanded it for further evidence upon other points; and when the case comes up again in this court, on appeal from the judgment of the lower court in the second trial, the questions originally decided will not be reopened and this court will only review the issues upon which the case was remanded." Boisse v. Dickson, 32 La. Ann. 1150.

[2] The evidence shows that Anthony J. Rossi purchased the property involved in this suit from Harry and Cleveland Gerdes; they acquired it from Augustine Landry; she acquired it, by virtue of a compromise, from the apparent heirs of the de cujus; and they acquired it by a judgment of the court which recognized them as the legal heirs of the deceased, and sent them into possession of his estate, as such. It is therefore indisputable that Rossi's title is derived from the apparent and presumptive heirs of Albert Derigny, deceased, and it is equally indisputable that he had every reason to believe that they were the legal heirs of the deceased.

The evidence shows that the existence and heirship of Antoinette Mercier were unknown until long after Mr. Rossi acquired the property in question. It shows that Mr. Rossi had not paid the purchase price of the property because there were incumbrances upon it and he withheld payment of the price pending the cancellation of the incumbrances.

In the opinion reported in 133 La. 383, 63 South. 56, the following is said:

"This court had occasion to interpret these articles [R. C. C. 77 and 78] in the case of Martinez v. Wall, 107 La. 737, 31 South. 1023, and there held that where the existence of the real heir is unknown, and a person supposed to be the legal heir has been sent into possession, third persons may deal safely with the supposed heir thus sent into possession. * * * 'Jurisprudence is constant in this respect: That a sale consented by a putative or apparent heir must be maintained when there is good faith on the part of the purchaser and of the vendor.' 25 J. P. 237, Despony v. Doniez (1883); D. E. Rastigas v. Rolland, J. P. vol. 1, pp. 331–333."

[3] In view of the limited purpose for which this case was remanded to the lower court, we have not found it necessary to consider the plea of estoppel. But if we thought otherwise, we have failed to find in the record anything which indicates that the alleged compromise upon which it is based was ever reduced to writing.

"Such a contract must be reduced into writing. Civil Code, 3071. It must be complete in itself, and nothing left to be established by parol proof." Francois v. Maison Blanche Realty Co., 134 La. 219, 63 South. 881, Ann. Cas. 1916B, 451.

"When such settlement is not reduced to writing, it cannot be construed as an award of arbitrators or a compromise." Linnan v. Linnan, 131 La. 535, 59 South. 981.

For these reasons we are of the opinion that the judgment of the lower court is correct, and it is therefore affirmed, at appellant's cost.

Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.