On Rehearing.
 

 LAND, J.
 

 Article 47 of the Revised Civil Code defines an absentee as follows:
 

 “Art. 47: Absentees: Who are: Curator. When a person possessed of either movable or immovable property within this state, shall be absent,'or shall reside out of the state, without having appointed somebody to take care of his estate, or when the person thus appointed dies, or is either unable or unwilling to continue to administer that estate, then and in that case, the judge of the place where that estate is situated, shall appoint a curator to administer the same.”
 

 Applying this article to the facts of the case, as detailed in our original opinion, it is plain that Francis Lory, Jr., did not fall within the class of absent persons to whom a curator should be appointed. He was not “possessed of either movable or immovable property within this state” at the date of his departure in the year 1903, or at the date he was heard of last in the year 1904. Although he resided out of the state, he had appointed no one to take care of his estate therein, as he had none at the time of his departure or at the time he was heard of last.
 

 Article 57 of the Civil Code is found under the head, “Of the Putting Into Provisional Possession of the Heirs of an Absentee,” and reads as follows:
 

 . “When a person shall not have appeared at the place of his domicile or habitual residence, and when such person shall not have been heard of, for five years, his presumptive heirs may, by producing proof of the fact, cause themselves to be put by the competent judge into provisional possession
 
 of tlw estate which belonged to the absentee at the time of his departure, or at the time he was heard of last,
 
 on condition of their giving security for their administration.”
 

 This article is not applicable to the facts of the case. Relators could not be sent into provisional possession under article 57 of the Civil Code, as presumptive heirs of the absentee, for the reason that no estate belonged to him at the time of his departure in the year 1903, or at the time he was heard of last in the year 1904. In fact, no estate accrued to Francis Lory, Jr., until the death of his mother in the year 1914.
 

 Relators, in their present application to be placed in absolute possession of the estate of Francis Lory, Jr., allege that he is an absentee ; that his wife died without issue; and that he has not been heard from since 1904; and that
 
 his existence is unlaunon.
 

 Relators have brought themselves clearly within the provisions of article 77 of the Civil Code, which declares that:
 

 “In case a succession shall be opened in favor of a person
 
 whose existence is not known, such inheritance shall devolve exclusively on those who would have had a concurrent right with him to the estate,
 
 or on those on whom the inheritance should have devolved if such person had not existed.”
 

 In Pfister v. Casso, 161 La. 940, 109 So. 770, this court said:
 

 “The deceased had also a brother, who disappeared more than 20 years before her death and has never been heard from since. He is made a party to this suit,
 
 through a curator ad hoe, as if he had an interest in this property. But he has no interest therein,
 
 since he had none when he disappeared, and his very existence was unknown at the time the succession of his sister was opened in his favor.
 
 Henee the entire succession devolved exclusively upon his
 
 
 *229
 

 ■coheirs,
 
 subject only to bis right to reclaim from them his proportion of the inheritance, should he reappear within 30 years from the death of his sister. R. C. C. Arts. 77, 78; Gahn v. Brown, 160 La. 790, 107 So. 576; Succ. of Derigny, 156 La. 146, 100 So. 251; Succession of Derigny, 133 La. 382, 63 So. 56, and, especially, Martinez v. Wall, 107 La. 737, 31 So. 1023.”
 

 Considering the allegations of the petition of relators to have the Commercial Germania Trust & Savings Bank of New Orleans appointed as curator to take charge of “the estate of Francis Lory, Jr., absentee,” in the year 1914, it is apparent that relators were misinformed, and were in error as to their rights under articles 77 and 78 of the Civil Code, and that the judgment rendered on the petition of relators, appointing the bank curator for Francis Lory, Jr., absentee, is erroneous on its face.
 

 Relators are not seeking to set aside the judgment of partition they provoked. The only relief prayed for by relators is to be placed in the absolute possession of the estate of the decedent, including the proceeds of the part placed under the care and control of the bank, acting in its capacity as curator for Francis Lory, Jr., absentee.
 

 It is clear that there is no one to contest the relief prayed for by relators but the absentee himself, and, should he return, his rights are fixed and protected by law.
 

 It is therefore ordered that a writ of mandamus issue herein to Hon. M. M. Boatner, judge of division B of the civil district court for the parish of Orleans, directing him to sign the judgment of absolute possession submitted to him by relators in the matter entitled “Succession of Mrs. Sarah Butler, Widow by First Marriage of Joseph Lory, Widow by Second Marriage of Francis Lory, Sr.,” No. 171389 on the docket of the civil district court.
 

 BRUNOT, J., dissents.