158 So.2d 467 (1963)
Succession of August B. ROSINSKI.
No. 976.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1963.
Simon & Trice, by Phil Trice, Lafayette, for plaintiffs-appellants.
Arceneaux & Beslin, by Denald A. Beslin, Rayne, Pugh, Buatt & Pugh, by Lawrence *468 G. Pugh, Jr., Crowley, for defendants-appellees.
Before TATE, FRUGE and CULPEPPER, JJ.
CULPEPPER, Judge.
The petitioners, Charles Rosinski and Bertha Rosinski Stewart, alleging themselves to be heirs of August B. Rosinski, deceased, filed this suit attacking the will of the said decedent on the grounds that it is a forgery. The will had been previously probated and Mrs. Veronica R. Storm recognized as universal legatee and placed in possession of the entire estate. Named as defendants are Veronica Storm, as well as Morris Touchet and Weston Dugas, who purchased from Mrs. Storm certain real estate which she had received under the will. The defendants, Touchet and Dugas, filed an exception of no cause of action on the grounds that they are good faith purchasers for valuable consideration, who had a right to rely on the public records showing Mrs. Storm to be the owner. The lower court sustained this exception and dismissed plaintiffs' suit. Plaintiffs appealed.
Plaintiffs' petition and the documents referred to in the record, which for purposes of the exception of no cause of action must be accepted as true, show the following facts: August B. Rosinski died on February 17, 1961 at his domicile in Acadia Parish, leaving no ascendants or descendants. The decedent was survived by his sister, Mrs. Veronica Rosinski Storm, by Charles Rosinski and Bertha Rosinski Stewart, children of John Rosinski, a predeceased brother of the decedent, and John Henry Bunt, child of Marie Rosinski Bunt, a predeceased sister of the said decedent. On April 18, 1961 the district judge probated an alleged olographic will of August B. Rosinski, of date, August 15, 1949, naming Mrs. Veronica R. Storm as universal legatee. On May 22, 1961, the court rendered a judgment placing Mrs. Storm in possession of the entire estate. On May 22, 1962 Mrs. Storm sold to the defendants, Morris Touchet and Weston Dugas, for a stated consideration of $34,687.50 certain real estate received by Mrs. Storm under said judgment of possession.
The petition, which was filed by Charles Rosinski and Bertha Rosinski Stewart on December 18, 1962, alleged that the said will is null and void because it is a forgery, fraudulently written and submitted for probate by Mrs. Storm. Plaintiffs pray that the will be declared invalid; that the judgment of possession be set aside; that the heirs of August B. Rosinski, as set forth above, be recognized and put in possession of the entire estate, with the exception that the undivided one-third interest inherited by Mrs. Storm be recognized as owned and possessed by the defendants, Morris Touchet and Weston Dugas.
The defendants, Dugas and Touchet, then filed an exception of no cause of action on the grounds that they are good faith purchasers for valuable consideration, who had a right to rely on the public records which showed Mrs. Storm to be the owner of the property. The lower court sustained this exception. Petitioners appealed.
The district judge did not give written reasons but we are informed by counsel for the defendants that he relied principally on Succession of Derigny, 156 La. 142, 100 So. 251 and the authorities cited therein. See also Succession of Derigny, 133 La. 381, 63 So. 56 for the decision rendered when the case was before the Supreme Court on a previous occasion. A reading of these two Derigny cases shows the essential facts were: a will was probated and the legatee placed in possession of the property; then certain heirs sued to annul the will for lack of capacity in the testator and other reasons; this first suit was eventually compromised and the legatee received certain pieces of real estate; the legatee sold the property to Gerdes who in turn sold it to Rossi; then one Antionette Mercier, a resident of France, appeared for the first time and filed a suit attacking the will, alleging *469 that she was the nearest relative of the deceased and as such entitled to be put in possession of the property purchased by Rossi. The court found that Antionette Mercier was an absent heir whose very existence was unknown until long after Mr. Rossi had purchased the property. The final decision held that LSA-Civil Code Articles 77 and 78 were applicable to protect the good faith purchaser, Rossi, who had acquired from the only known and apparent heirs and legatees who had been sent into possession.
We think it is clear that the Derigny cases, and the cases cited therein, are distinguishable from the present matter and have no application here. All of the cited cases involved absent heirs whose existence was unknown at the time the succession was opened and the apparent heirs put in possession under the provisions of LSA-C.C. Articles 76-79. In the matter before us, the plaintiffs' petition does not show that either of them were absent heirs whose existence was unknown at the time Mrs. Storm was put in possession of the property. (We note from the record that actually the answer filed by Mrs. Storm in these proceedings shows that both Charles Rosinski and Bertha Rosinski Stewart were residents of Acadia Parish and their existence and heirship were well-known to Mrs. Storm at the time the will was probated and at the time she was put in possession.)
A further reason for the inapplicability of the Derigny cases is set forth in Dugas v. Powell, 207 La. 316, 21 So.2d 366 where the court held that LSA-C.C. Article 77, providing that where an absent heir's existence is unknown his inheritance shall go to the known and apparent heirs, is limited by LSA-C.C. Article 78 which provides that the rights of such absent and unknown heirs "* * * shall be extinguished only by the lapse of time which is established for prescription." In the present matter the petition to annul the will was filed in less than two years from the date of the death of August B. Rosinski. No prescriptive period has even been suggested which would extinguish the inheritance rights of any absent or unknown heirs within this two year period.
Defendants also cite McDuffie v. Walker, 125 La. 152, 51 So. 100 and several more recent cases which interpret LSA-C.C. Articles 2264-2266 providing generally that instruments pertaining to immovable property shall not affect third persons until they are registered in the office of the parish recorder. Under McDuffie v. Walker, supra, and its progeny, defendants argue "* * * that a party dealing with immovable property need look only to the public records, and if such records do not show the recordation of any adverse claim sufficient to put third parties on notice he obtains a good title." In other words, defendants contend that in the absence of any recorded instrument showing an adverse claim, Touchet and Dugas had an absolute right to rely on the ex parte judgment recognizing Mrs. Storm as legatee and placing her in possession of the property.
This argument has no merit. As able counsel for the plaintiffs has pointed out, this is in effect an attempt to give LSA-C.C. Articles 2264-2266 a positive rather than a negative effect. These articles do not, as defendants contend, provide that all purchasers may rely implicitly upon what is shown in recorded instruments conveying real property, nor do they mean that purchasers relying on such recorded instruments can acquire good title from a vendor who has none. These articles provide that unrecorded instruments relating to the title to real property shall be ineffective except as between the parties thereto. The articles do not provide that all recorded instruments must be deemed valid nor that they must be accepted as conveying the title which they purport to convey.
As regards the effect of an ex parte judgment, the court in the early case of Succession of Justus, 45 La.Ann. 190, 12 So. 130, held: "While the ex parte judgment admitting the will to probate is a prima facie *470 presumption in favor of its correctness, it is very clear, from the provisions of article 3542, Rev.Civil Code, such a judgment could not be a bar to an action to annul it, if the time fixed for prescription had not expired." (The prescriptive period set forth in LSA-C.C. Article 3542 is five years.) See also Succession of Centanni, La.App., 142 So.2d 636; McGregor v. Mc-Gregor, 10 Cir., 201 F.2d 528; Cox v. Lea's Heirs, 110 La. 1030, 35 So. 275; Bissell v. Bodcaw Lumber Co., 134 La. 839, 64 So. 792.
In Dugas v. Powell, 207 La. 316, 21 So.2d 366 our Supreme Court considered the effect of McDuffie v. Walker, supra, and LSA-C.C. Article 2266 where a good faith purchaser argued that he had a right to rely on an ex parte judgment of possession recognizing his ancestors in title as owners of the property. The court held: "Therefore, even if it be conceded that the defendants herein acted in good faith (concerning which issue we refrain from expressing an opinion), they did not thereby obtain any better title than their transferrers had acquired by virtue of the ex parte judgment. To hold that they did get a valid title because of good faith would be equivalent to substantially writing out of our law the articles of the Revised Civil Code on `Prescription of ten years' which require a deed translative of title * * *."
In Vaughan v. Housing Authority of New Orleans, 80 So.2d 561 (Orleans App. 1955) the court held that even though an expropriating authority had relied on an ex parte judgment of possession, this could not defeat the unrecorded claims of heirs who had inherited an interest in the property by operation of law. In answer to the defendants' contention that it was entitled to depend on the faith of the public records the court stated:
"`There is no merit in the point. It is well settled that our law of registry, Articles 2251 through 2266 of the LSA-Civil Code, is not applicable when the ownership of, or claim affecting the immovable has become vested in the claimant by mere operation of law. See Long v. Chailan, 187 La. 507, 175 So. 42 and Dugas v. Powell, 207 La. 316, 21 So.2d 366. * * *'"
"We thus find that the rights of the plaintiffs, who were legal heirs of the deceased, were fixed by operation of law; they were his forced heirs and became joint owners by the mere fact of his death, and their rights depended in no way upon any public registration or recordation of their inheritance of the property. And we find too that, if the codal article be interpreted as the Housing Authority would have us interpret it, these children were deprived of their rights without notice, without hearing, and without being afforded an opportunity to be heard and, therefore, according to the meaning of the due process clause of either Constitution, without due process of law."
In an article entitled "Judgments of Possession" found in 35 TLR 567, the author succinctly points out some of the misconceptions as to the effect of an ex parte judgment of possession in both testate and intestate successions. The author correctly states that third persons do not have the right to purchase immovables in reliance on the assertion that the only heirs or legatees are those named in the judgment of possession. The article notes Act 584 of 1960, now LSA-R.S. 9:5682-9:5684, which for the first time establishes a provision in our law that a judgment of possession will start the running of a prescriptive period of ten years in favor of those recognized by the judgment and their transferees in good faith.
It is our conclusion that the exception of no cause of action should have been overruled. The petition clearly states a cause of action to nullify a testament on the grounds that it is a forgery, not written, dated or signed by the testator. It was filed within the five year prescriptive period *471 established by LSA-C.C. Article 3542 for suits seeking the nullity of a testament. The defendants, Touchet and Dugas, even if they are admitted to be good faith purchasers relying on the public record, a fact which we are not called upon at this time to determine, are not protected by the ex parte judgment probating the will, nor by the ex parte judgment placing Mrs. Storm in possession of the estate, as against the claims of these petitioners who allege themselves to be heirs by operation of law.
For the reasons assigned, the judgment appealed is reversed and set aside. It is now ordered, adjudged and decreed that the exception of no right or cause of action filed by the defendants, Morris Touchet and Weston Dugas, be overruled. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein.
Reversed and remanded.