255 So.2d 388 (1971)
Lillie KNIGHTEN
v.
Henry RUFFIN et al.
No. 8571.
Court of Appeal of Louisiana, First Circuit.
November 10, 1971.
Rehearing Denied December 20, 1971.
Writs Refused January 11, 27, 1972.
Richard E. Burton, of Burton, Roberts & Ward, and Allen J. Bergeron, Jr., Baton Rouge, for appellant.
Ralph Brewer, Neil H. Mixon, Jr., of McCollister, Belcher, McCleary & Fazio, Baton Rouge, for appellees.
Before LOTTINGER, SARTAIN and ELLIS, JJ.
Rehearing En Banc Denied December 20, 1971.
LOTTINGER, Judge.
This is a suit filed by Lillie Knighten against Henry Ruffin and Allstate Finance Corporation in which she seeks to be declared the owner of an undivided one-fourth interest in certain real estate. The Lower Court rendered judgment in favor of *389 defendants and dismissing petitioner's demand at her costs. Petitioner has taken an appeal.
The facts show that Sarah Browdon was the record owner of an undivided one-half interest in the property subject to this law suit and her son, Calip Browdon, was the record owner of the other undivided one-half interest in said property. On May 19, 1961, Sarah Browdon, in the presence of petitioner, executed a last will and testament leaving to her "son Calip Browdon and my granddaughter Lillie Knighten, one half to each, share and share alike, all my real property with improvements thereon and all the furniture and fixtures contained in my residence. I direct that all my just debts be paid and that any cash money remaining after my debts are paid I give and bequeath to Willie Johnson, Rose Lee Maxie, Ella Jean Wheelock and Jenifer McCoy, in equal proportions to each." Calip Browdon had no knowledge that this will had been executed or that Sarah in fact had ever executed any will.
On October 29, 1964, Sarah Browdon died and on February 2, 1965, an ex parte judgment was rendered putting Calip Browdon into possession of the property as the sole heir of his mother. Subsequently, on February 2, 1965, Calip mortgaged the subject property to Allstate Finance Corporation.
On June 9, 1965, Lillie Knighten instituted proceedings to probate Sarah's will and filed in conjunction therewith, a notice of lis pendens in the parish mortgage records. This notice was the first indication on the public records of Lillie's claim to the property. On June 10, 1965, the will was probated.
On July 9, 1965, Calip having failed to make payments on his mortgage loan, Allstate foreclosed its mortgage and, subsequently, on September 15, 1965, bought in the property at sheriff's sale. On the same date, namely September 15, 1965, Lillie filed a petition to amend the judgment of possession in favor of Calip and to secure judgment declaring her to be the owner of an undivided one-fourth interest in the subject property. Neither Allstate or Henry Ruffin was a party to that suit and no notice of lis pendens was filed in conjunction therewith.
On October 21, 1965, Allstate, by warranty sale, transferred the property to Henry Ruffin, appellee herein. On January 11, 1967, at the trial of Lillie's suit of September 15, 1965, judgment was rendered in Lillie's favor and against Calip recognizing her undivided one-fourth interest in the property.
On June 28, 1967, Lillie instituted this present action against Allstate and Henry Ruffin, claiming an undivided one-fourth interest in the property and seeking a partition of the property by licitation. This suit was the first notice to Allstate and Henry Ruffin of Lillie's claim to the property. Following trial, judgment was rendered in favor of defendants dismissing petitioner's suit and petitioner has taken this appeal.
Article 3062 of the Louisiana Code of Civil Procedure sets forth the effect of a judgment of possession as follows:
"The judgment of possession rendered in a succession proceeding shall be prima facie evidence of the relationship to the deceased of the parties recognized therein, as their, legatee, surviving spouse in community, or usufructuary, as the case may be, and of their right to the possession of the estate of the deceased."
In the official revision comments following Article 3062, it set forth the fact that the said Article is merely declaratory of the prior jurisprudence and a number of cases are cited.
A factual situation similar to the one here presented, was before the Court in Vaughan v. Housing Authority of New Orleans, La. App., 80 So.2d 561. In that case the Court said:
"There are two legal principles which are recognized in Louisiana and are not in disputeone is that the rights of legal heirs, and especially forced heirs, are *390 sacred and cannot be divested except by proper legal proceedings against those heirs, and the other is that the law of registry, Articles 2251-2266 of our LSA-Civil Code, has no application where the ownership of immovable property becomes vested by operation of law. In Bishop v. Copeland, 222 La. 284, 62 So.2d 486, 488, appears the following:
`* * * Defendant's initial contention, which is reurged here under his exception of no cause of action, is that plaintiffs' demand should nonetheless be rejected for the reason that their ownership has not been registered and that he, being a third person dealing with immovable property, was entitled to depend on the faith of the public records.'
`There is no merit in the point. It is well settled that our law of registry, Articles 2251 through 2266 of the LSA-Civil Code, is not applicable when the ownership of, or claim affecting the immovable has become vested in the claimant by mere operation of law. See Long v. Chailan, 187 La. 507, 175 So. So. 42 and Dugas v. Powell, 207 La. 316, 21 So.2d 366. * * *'
We thus find that the rights of the plaintiffs, who were legal heirs of the deceased, were fixed by operation of law; they were his forced heirs and became joint owners by the mere fact of his death, and their rights depended in no way upon any public registration or recordation of their inheritance of the property. And we find too that, if the codal article be interpreted as the Housing Authority would have us interpret it, these children were deprived of their rights without notice, without hearing, and without being afforded an opportunity to be heard and, therefore, according to the meaning of the due process clause of either Constitution, without due process of law."
The petitioner herein, as were the heirs in the Vaughan case, came into ownership of the one-fourth interest in the property by the mere fact of the death of her grandmother. Article 940 of the Louisiana Civil Code dealing with seisin provides:
"A succession is acquired by the legal heir, who is called by law to the inheritance, immediately after the death of the deceased person to whom he succeeds.
This rule applies also to testamentary heirs, to instituted heirs and universal legatees, but not to particular legatees." See also LCC Art. 941.
The petitioner herein was a universal legatee of the decedent, and she became seized of her interest in the property immediately on the death of her grandmother.
In Succession Rosinski, La.App., 158 So.2d 467, where the facts were again similar to the ones presently before us, the Lower Court, relying on Succession of Derigny, 156 La. 142, 100 So. 251, sustained an exception of no cause of action filed by defendants and based on the grounds that they were good faith purchasers for valuable consideration who had a right to rely on the public records which showed their vendor, Mrs. Strom, to be the owner of the property. On appeal, the Court distinguished the holding in the Deringny case because there, the Court was involved with absent heirs whose existence was unknown at the time the succession was opened and the apparent heirs put into possession under the provisions of Civil Code Article 76 through 79. After citing Vaughan v. Housing Authority of New Orleans (supra) the Court there said:
"The defendants, Touchet and Dugas, even if they are admitted to be good faith purchasers relying on the public record, a fact which we are not called upon at this time to determine, are not protected by the ex parte judgment probating the will, nor by the ex parte judgment placing Mrs. Strom in possession of estate, as *391 against the claim of these petitioners who allege themselves to be heirs by operation of law."
In an excellent article dealing with the effect of judgments of possession in 35 Tulane Law Review 567, the author concludes with the following statement:
"Finally, a judgment of possession is prima facie correct and the presumption that it is correct must, of course, be overcome if the judgment is to be attacked."
The property, which is the subject of this proceeding, has a 40 foot front on the South side of public road known as Stanacola Street by a depth of 120 feet. The evidence discloses that there is a residence situated on the property and, as we have determined that petitioner owns an undivided ¼ interest therein and Henry Ruffin owns an undivided ¾ interest therein, it is obvious that the property is not susceptible to a partition in kind. A partition by licitation as prayed for by petitioner will, therefore, be ordered.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed and there will be judgment herein in favor of petitioner and against defendant declaring petitioner to be the owner of an undivided ¼ interest in the following described property, to-wit:
"One certain lot or parcel of ground, together with all buildings and improvements thereon and all the rights, ways, privileges, servitudes thereunto belonging or in anywise appertaining, situated in the Parish of East Baton Rouge, State of Louisiana, in that subdivision known as SUBURB NORTH BATON ROUGE, which lot or parcel of ground is located in the Southwest part of lot number THIRTY-NINE (39), said Suburb North Baton Rouge, said lot or parcel of ground measuring Forty (40') feet front on the South side of a public road now known as Stanacola Street, leading to the Scotland-Baker Road (formerly known as Washington Avenue or Washington Street), by a depth between parallel lines of ONE HUNDRED TWENTY (120') feet, more or less, said lot or parcel of ground bounded now or formerly North by said Stanacola Street, South by lot number Thirty-seven (37) of said Suburb North Baton Rouge, West by the parcel of ground conveyed by Mrs. Sarah Ball to Avery Realty Company, Inc. by act of sale of record in Conveyance Book 95, Page 179, said Parish and State."
and further that a partition by licitation of the above described property be effected in accordance with the instructions herein and that this matter be remanded to the Lower Court so that the partition by licitation might be effected. All costs of this appeal shall be paid by defendants.
Judgment reversed.
SARTAIN, J., takes no part.

ON APPLICATION FOR REHEARING.
Rehearing Refused en banc.
In our original opinion, we erroneously characterized plaintiff as a universal legatee under the will herein, when she is actually a legatee under universal title under Article 1612 of the Civil Code. However, she is a testamentary heir and entitled to the benefit of the provisions of Article 940 of the Civil Code, to the same extent as a universal legatee.
SARTAIN, J., takes no part.