|,ARMSTRONG, J.,
dissenting.
I respectfully dissent. I believe that the right of habitation is subject to the Public Records Doctrine. Absent proper recor-dation, the right of habitation is not effective as against a third party purchaser.
REHEARING AND MOTION FOR CLARIFICATION GRANTED.
| .PER CURIAM.
Both appellant and appellees filed applications for rehearing and/or clarification. Appellant requests that we clarify our decision concerning the wrongful eviction claim and rule that Ms. Crozat stated a viable claim for wrongful eviction, thereby reversing the lower court’s opinion entirely and remanding the matter for a trial on the merits. Appellees assert that the original opinion was contrary to law and public policy. We grant both motions for rehearing and/or clarification.
Appellees argue the following errors or omissions in the original opinion: (1) an inaccurate statement that Ms. Crozat was satisfied with the receipt of funds from the partition, rather than stating that she was satisfied with the partition itself; (2) a failure to hold that the statutory warranty provisions of La. R.S. 9:3174 guarantee free and clear title to property sold by judicial partitions; (3) a disregard to the alleged importance of Judge Ledet’s denial of Ms. Crozat’s petition for injunction; and (4) a misinterpretation of the statutory prescription of claims omitted from judgments of possession pursuant to La. R.S. 9:5631. We will address the issues raised by both litigants.
| ¡¿First, as to the appellant’s assertion that the sale of property by judicial partition does not eradicate the right of habitation vested in an heir through inheritance, we agree. Appellant asserts further that Louisiana Coastal’s eviction process followed procedures prescribed in La. R.S. 13:4346 for the eviction of owners of property, and that Ms. Crozat was not an owner of the property subsequent to the partition. Therefore, appellant argues that the proper analysis for her wrongful eviction claim is found in the Louisiana Code of Civil Procedure arts. 4701 et seq. governing eviction, of tenants and occupants.
Article 4702 provides:
When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant. This notice shall allow the occupant five days from its delivery to vacate the premises.
If the occupant fails to vacate the premises after receiving the requisite notice, art. 4731 requires a rule to show cause to be filed.
Appellant is correct in her analysis that she was not an owner at the time Louisiana Coastal effected her eviction. She was not a lessee, but rather an occupant. The above articles govern the eviction and, under these articles, Ms. Crozat could state a cause of action for wrongful eviction. She is hereby given leave to amend her pleadings, to pursue her claim for wrongful eviction upon remand.
We now address appellees’ arguments for rehearing. In their application, appellees re-assert a strong public policy argument: innocent third parties should be able to rely upon the public records to confirm clear title of immovables before *327 proceeding at a judicial sale. Although the argument is logical in part, the Louisiana Supreme Court has recognized an absolute exception to the general doctrine requiring recordation of immovable property in the case of inherited ^property or real rights affecting immovable property. See Jackson v. D’Aubin, 338 So.2d 575 (La.1976)(on rehearing); see also Long v. Chailan, 175 So. 42 (La.1937); Knighten v. Ruffin, 255 So.2d 388 (La.App. 1st Cir. 1971). •
As Justice Marcus noted in dissenting to the original Jackson opinion (Justice Marcus then authored the rehearing majority opinion): “A judgment of possession that places the wrong person in possession, ..., even if recorded does not defeat the rights of the true owner of the property .... ” Jackson, 338 So.2d at 578. As the court concluded in Jackson, title to the property vests upon death of the owner, under the well established doctrine of le mort saisit la vif. In that case, the court found that the testamentary trust property vested in the trustee upon the trust settlor’s death. In the instant case, the real right of habitation conveyed in the testamentary trust vested in Ms. Crozat upon her father’s death.' Despite the recordation of incomplete information in the judgment of possession, her real right of habitation could not be defeated by the omission or the subsequent partition and judicial sale. As stated on rehearing in Jackson, “the law of registry is inapplicable where the ownership of, or claim affecting, immovable property ... has been acquired by inheritance and title has become vested by operation of law.” Id. at 580. Moreover, the court emphasized that “[t]he title to property acquired by inheritance does not require recordation to be effective against third persons.” Id. at 580 n. 4 (citing La. Civil Code art. 2266 (1870)).
Appellees again argue that the prescription issue was misinterpreted in our original opinion and that the intention of La. R.S. 9:5631 is to allow title examiners to rely upon judgments of possession after two years or more if a claim was not raised during that two-year period. In fact, ap-pellees must have been referring to subsection 5630, which provides for a two-year prescriptive period for the successor of a deceased person “who has not been recognized as such in the judgment of possession.” Ms. Crozat was recognized in the Judgment, as we|4explained in our original opinion; therefore, that statutory period of liberative prescriptive does not apply to her.
Similarly, appellees urge this court to find that the statutory warranty pursuant to La. R.S. 9:3174 does not require Ms. Crozat’s consent to be binding and that her satisfaction with the partition constitutes an estoppel against her claim of habitation. We explained in our original opinion that Ms. Crozat’s satisfaction with the sale of the property did not affect her right of habitation. Real rights are not affected by the transfer or alienation of property, nor is she bound by the estoppel doctrine from asserting her right to live in the house because the right of habitation is a nontransferable, real right. La. C.C. art. 630. Division of property through partition by licitation does not in any way affect a real right that burdens the property. La. C.C. art. 812. Thus, what Ms. Crozat warranted subsequent to the judicial sale was merely the transfer of ownership; she did not terminate her nonaliena-ble, real right of habitation in the property by stating her satisfaction with the partition.
In closing, therefore, we modify our original opinion and reverse the trial court’s opinion in its entirety. This matter is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
ARMSTRONG, J., dissents